(No. 14967.—Judgment affirmed.)

HUGH P. SMYTH, Admr., Defendant in Error, *vs.* CHARLES E. FARGO *et al.* Plaintiffs in Error.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. PRACTICE—*motion under section 89 of Practice act must be treated as a declaration or the beginning of a new suit.* A motion, under section 89 of the Practice act, to set aside a judgment for errors of fact not appearing in the record is treated substantially as a petition for the common law writ of error *coram nobis* and is the beginning of a new suit in which the motion stands as a declaration, the sufficiency of which must be questioned by demurrer.

2. SAME—*when sufficiency of motion under section 89 of Practice act is not preserved for review.* Where a motion is filed, under section 89 of the Practice act, to set aside a judgment for error of fact, and the defendants, without demurring to the motion, file what they call an answer, the pleading to the motion must be regarded as having raised only issues of fact, and no question of law is preserved for review in the Supreme Court by merely taking exception to the judgment setting aside the order or judgment in the original proceeding.

3. SAME—*clerk's entry of judgment in record is a ministerial act.* The rendition of a judgment is the pronouncement of the court and is a judicial act but the entry of it in the record by the clerk is a ministerial act, and the fact that it is entered, by mistake of the clerk, with a different title does not make it a judgment in a different case.

4. SAME—*what is an error of fact within meaning of section 89 of the Practice act.* Where by mistake of the clerk the case of "Smyth, Admr. *vs.* Fargo," is entitled on the trial calendar and judge's docket as "Smuth, Admr. *vs.* Fargo," an order dismissing

the case for want of prosecution when neither party answered on the call of the case for trial is an error of fact within the meaning of section 89 of the Practice act.

5. NAMES—*"Smuth" and "Smyth" are not idem sonans.* The names "Smuth" and "Smyth" are not *idem sonans,* as the spelling and the pronunciation of the two names are distinctly unlike.

CARTWRIGHT, J., dissenting.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding.

REEVE, VINISSKY & TRAINOR, for plaintiffs in error.

C. HELMER JOHNSON, (ARTHUR H. CHETLAIN, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This court granted the prayer of the petition for *certiorari* of plaintiffs in error to bring up for review a judgment of the Appellate Court affirming a judgment and order of the superior court vacating and setting aside a judgment dismissing the case for want of prosecution.

Hugh P. Smyth, administrator of the estate of Francis McNerney, deceased, brought suit against Charles E. Fargo and Louise B. Fargo to recover damages for the death of McNerney, alleged to have been caused by the negligent operation of an automobile by defendants. Defendants filed pleas to the declaration. The case was placed on call for trial before Judge Cooper December 1, 1920. Its title as printed on the calendar of the trial court and on the judge's docket of trial call cases was, "Smuth, Admr. vs. Fargo *et al.*" When it was called for trial neither party to the suit answered and an order was entered dismissing the suit for want of prosecution. March 5, 1921, upon leave granted, defendant in error filed a motion, supported

by affidavits, to set aside the order dismissing the case for want of prosecution and to re-instate it. The motion, in substance, alleged the plaintiff had a meritorious cause of action; that the judgment dismissing the case was inadvertently and improperly entered without fault of plaintiff; that through misprision of the clerk in preparing the printed calendar and misprision of Judge Cooper's minute clerk in posting the trial call November 30, 1920, of cases for trial December 1, 1920, the case was wrongfully entitled Smuth, Admr. *vs.* Fargo *et al.,* and plaintiff had no information his case was on the trial call or was subject to trial December 1; that the judgment dismissing the case was entered through an error of fact through the misprision of the clerk. The motion alleged the misprision of the clerk in entitling the case Smuth, Admr. *vs.* Fargo *et al,* caused the court to believe the cause was properly called for trial in due course, and the fact was unknown to the court that the case on trial call was Smyth, Admr. *vs.* Fargo *et al.,* and that if the court had known of the error he would not have dismissed the case.

By a rule of the superior court, cases are called for trial in their order on the calendar, and the call for each day is announced before the adjournment of the court the preceding day. The motion was supported by the affidavit of C. Helmer Johnson, one of plaintiff's attorneys, and the affidavit of a clerk in his office, that they were diligent in consulting the printed calendar and trial call, but because the case was wrongly on both as Smuth, Admr. *vs.* Fargo *et al.,* they did not recognize it and identify it as Smyth, Admr. *vs.* Fargo *et al.,* and they therefore were unaware it was on the call for trial December 1. Defendants were ruled to plead or demur to the motion within fifteen days. The defendants filed what they call an answer, denying the judgment of dismissal was inadvertently and improperly entered or that the clerk of the court or Judge Cooper's minute clerk was guilty of any misprision in preparing the calendar or post-

ing the trial call. They denied that the suit was dismissed through an error in fact, but alleged that it was dismissed through the negligence of plaintiff's attorneys, and the court is now without jurisdiction to set aside the judgment. The defendants also filed the affidavit of one of their attorneys showing how cases in the courts of Cook county are assigned to the judges, calendars printed and distributed showing to which of the judges the cases are assigned and how they are placed on the trial call, and alleging if plaintiff's attorneys had exercised diligence they would have known the case was on the call for trial in Judge Cooper's court on December 1, 1920. The court, Judge Stough presiding, set aside the order and judgment dismissing the case and re-instated it. Defendants excepted to the judgment and prosecuted an appeal to the Appellate Court. The judgment was there affirmed, and this court granted a writ of *certiorari,* on the petition of defendants, to review the judgment.

The proceeding to set aside the judgment of dismissal is based on the authority of section 89 of the Practice act. That section abolishes the writ of error *coram nobis* and provides that "all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

The parties will hereafter be referred to as plaintiffs in error and defendant in error.

Defendant in error insists the record here shows plaintiffs in error have not preserved for our review the trial court's decision that there was error in fact in entering the judgment of December 1. It is argued it was a question of law whether the motion showed any cause for vacating the former judgment, and that question must be raised in the trial court by demurrer or some mode which would call

on the court to rule on the question as one of law, and that exception to the judgment does not preserve the question. Decisions on the correct practice in proceedings under section 89 are not numerous. It seems to be settled, however, that the practice and procedure are similar, in most respects, to the practice under the writ of error *coram nobis*. The motion under section 89 is treated substantially as the petition or motion for the common law writ and is the beginning of a new suit. (*Mitchell* v. *King,* 187 Ill. 452.) The sufficiency of the motion may be raised by demurrer, or an issue of fact may be raised by plea denying the truth of the error in fact alleged.

The questions here raised were considered in *Domitski* v. *American Linseed Co.* 221 Ill. 161. That was a proceeding under what is now section 89 of the Practice act, to vacate and set aside a judgment previously rendered. The complaining party filed a motion for that purpose, setting up the reasons relied on. It does not appear that the opposite party filed anything in reply, but objected to the motion on the ground the term at which the judgment was rendered had expired and the court had no jurisdiction. Affidavits were read in support of the motion, to all of which a general objection was made. The court sustained the motion and vacated the former judgment, to which exceptions were taken. This court said, in substance, that filing the motion to vacate the former judgment was the commencement of a new suit, in which new issues are made up, on which there must be a finding and judgment, and the motion stands in place of a declaration. It is a suit at law independent of the proceeding in which the judgment sought to be set aside was rendered, and unless an issue of law is made on the motion in the trial court, the question passed upon by that court is one of fact whether or not the court in the former proceeding committed any error in fact. The plaintiff in error in that case contended in this court that the motion did not, on its face, disclose

any error in fact and that the court erred in assuming jurisdiction of it. The court held that was a question of law, which should have been saved in some appropriate way recognized by law. As that was not done and no motion in arrest of judgment was made, the question whether the motion on its face disclosed any error in fact was not preserved for review. It was also urged in that case that the matters set up in the affidavits filed in support of the motion were not such as to justify annulling the judgment for error in fact. On that question the court said, if it was desired to present the question as one of law whether there was any evidence to sustain the order and judgment it was necessary to demur to the evidence or by some other mode call for a ruling by the trial court on that question. "Such course is necessary to preserve the question as one of law even though there is no conflict in the evidence upon which the trial court based its finding. Plaintiff in error did not follow this course. Therefore the question whether the affidavits, or the matters therein contained, proved any error in fact in the former proceedings cannot be considered here."

The issues made by the answer of plaintiffs in error, which may properly be treated as their plea, were issues of fact. By pleading to the merits of the declaration or motion they waived any question as to its sufficiency, and it will here be treated as properly stating a cause of action. There was no conflict as to the facts stated in the affidavits filed in support of the motion or petition, but whether they tended to support the matters alleged therein and to authorize the judgment cannot here be considered. Neither of those matters is preserved by an exception to the entry of judgment.

The minutes made by Judge Cooper on his docket show the case of Smuth, Admr. vs. Fargo et al. was dismissed for want of prosecution. We understand the clerk, after the case of Smuth against Fargo was dismissed, wrote up an entry of judgment in the records as a judgment in the

307—20

case of Smyth, Admr. etc. *vs.* Fargo *et al.* The rendition of a judgment is a judicial act. The judgment is the pronouncement of the court and the entry of it in the record by the clerk is a ministerial act. He cannot write up a judgment in a different case from the one in which the judgment is pronounced. We may also add that we do not agree with the contention of plaintiffs in error that Smuth and Smyth are *idem sonans.* The spelling and pronunciation of the two names are distinctly unlike. It would therefore follow, if the decision of this case depended on whether the dismissal of the suit resulted from the negligence of defendant in error, we could not reverse the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Justice Cartwright, dissenting.