**Elmer D. Fisher, Plaintiff-Appellee, v. Illinois Terminal Railroad Company, Defendant-Appellant.**

**Gen. No. 9,883.**

Opinion filed June 19, 1953. Rehearing denied July 16, 1953. Released for publication July 16, 1953.

GRAHAM & GRAHAM, of Springfield, for appellant.

G. W. HORSLEY, and R. GARRETT PHILLIPS, both of Springfield, for appellee.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This is an appeal from a judgment entered in the circuit court of Sangamon county in the amount of $13,500, in favor of Elmer Fisher and against the Illi-

nois Terminal Railroad Company. The cause was tried before a jury and grows out of an injury received by the plaintiff while riding in a truck driven by one Britten, at a crossing where the tracks of the defendant cross Monroe street, about one quarter of a mile east of the city limits of the City of Springfield. The plaintiff and four other men were employed by Central Illinois Light Company and on the day of the accident, which was on Sunday, were riding in a company truck traveling east on Monroe street, to do some work for the employer company. A train of the defendant and the truck in which the plaintiff was riding, collided at the crossing and the plaintiff was injured. There have been two trials of the cause. The first trial resulted in a verdict of $20,000 for the plaintiff. On motion for a new trial, the verdict was set aside by the trial court and the cause was tried again. The second trial resulted in the verdict and judgment which is before this court on appeal.

The defendant assigns 25 grounds as error. Because some of them are interrelated to others and because a decision of some will result in a decision of the others, this court will not attempt to pass on these questions separately but will group them and pass on those questions which in the opinion of the court will dispose of the matter.

 Defendant contends that the plaintiff failed to allege that Britten, the driver of the truck, was in the use of due care and that because the plaintiff was the foreman of the crew, any negligence of the driver would be imputable to the plaintiff. There seems to be some question of fact as to whether the plaintiff as foreman of the crew, was in fact, in charge of the truck and the driver. There is evidence that the foreman could tell the driver where to drive to and where to go but that the operation of the truck, was in the hands of the driver and the plaintiff had no actual control of the

driver as to the method or manner of driving. This, of course, is a question of fact for the jury to determine. It is conceded that the complaint did not allege due care on the part of the driver, although it did allege due care on the part of the plaintiff. The defendant filed its motion to strike the complaint, alleging certain matters, none of which were pertinent to this point, namely the allegation of the due care of the driver. This motion to strike was allowed in part and denied in part but at no time did the defendant set up the matter as a ground for striking that the plaintiff had failed to allege due care on the part of the driver. The complaint was amended in accordance with the ruling of the trial court and the defendant then filed its answer. Nothing in the answer raised the question of due care on the part of the driver. Trial was had and resulted in a verdict in favor of the plaintiff in the sum of $20,000 on the first trial. The defendant then filed its motion for judgment for the defendant, notwithstanding the verdict and in this motion the defendant sets up, that there is no evidence "that the driver Britten was in the exercise of due care for his own safety and for the safety of others riding in the truck." This is the first time in the pleadings that the question of due care on the part of the driver arises and then it is only on the question of evidence and not the failure to plead by the plaintiff. Concurrently, with the filing of the motion for judgment notwithstanding the verdict, the defendant filed its motion for a new trial. This motion does not set up any insufficiency of the complaint. The second trial was essentially upon the pleadings of the first case and in this second trial nothing was raised as to the sufficiency of the complaint. Thus, the first time the question of the lack of allegation as to due care on the part of the driver is raised is in this appeal. The defendant cites *Lasko v. Meier,* 394 Ill. 71, in support of its contention that due care of the driver must be alleged. In that

559

case, the court said: "If the declaration or complaint omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the facts alleged on which issue is joined, a verdict for the plaintiff will not cure the omission." . . . "This court, in the case of *Bowman v. People,* 114 Ill. 474, which was an action at law, quoted from Chitty, in his work on Pleading, as follows: " 'The expression, *cured by verdict,* signifies that the court will, after a verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated or omitted in the pleadings, was duly proved at the trial. And such intendment must arise, not merely from the verdict, but from the united effect of the verdict, and the issue upon which such verdict was given. On the one hand, the particular thing which is presumed to have been proved must always be such as can be implied *from the allegations in the record, by fair and reasonable intendment;* and on the other hand, a verdict for the party in whose favor such intendment is made. is indispensably necessary.' " In the same opinion the court there said: "Our inquiry, therefore, is not whether the complaint in this cause is skillfully drawn in compliance with the rules of good pleading or whether it contains a perfect statement of a cause of action against appellant, but whether it alleges, regardless of how imperfectly or defectively it may be stated, any cause of action whatever as to him." It is true that this same case, *Lasko v. Meier,* 394 Ill. 71, on page 75 says: "A cause of action includes every fact necessary for the plaintiff to prove to entitle him to succeed, and every fact which the defendant would have a right to traverse" as argued by the defendant, but on page 73 of the same case, the court said: "All intendments are in favor of the sufficiency of a complaint which is not questioned until after verdict. (*Connett v. Winget,* 374 Ill. 531.) A verdict will cure not only all formal and

purely technical defects and clerical errors in a complaint, but will also cure any defect in failing to allege or in alleging defectively or imperfectly any substantial facts which are essential to a right of action, if the issue joined is such as necessarily requires, on the trial, proof of the facts so omitted or imperfectly stated and if such facts can be implied from the allegations of the complaint by fair and reasonable intendment." The court in that case goes on to say: "There is a substantial and material difference between a complaint which alleges no cause of action and which may be questioned at any time and one which defectively or imperfectly alleges a cause of action and is good after verdict. (*Owens-Illinois Glass Co. v. McKibbin,* 385 Ill. 245.) If, with all intendments in its favor, a complaint wholly and absolutely fails to state any cause of action at all, objection can be made to it for the first time on appeal. But, on the other hand, if the complaint states a cause of action, no matter how defectively or imperfectly alleged, and the same is not challenged below, then such defectively stated cause of action is cured by verdict and cannot be questioned on appeal."

█ The defendant also cites *Miller v. S. S. Kresge Co.,* 306 Ill. 104, in support of its position on this point, but again, the opinion in that case is to the contrary. There the court said: "A declaration which states no cause of action will not sustain a judgment, but a declaration which is a defective statement of a cause of action is good after verdict."

█ The proposition that defects in pleading must be raised in the trial court and not on appeal, was recognized in the drafting of the Civil Practice Act. Paragraph 166 of chapter 110, Civil Practice Act, subsection 3 [Jones Ill. Stats. Ann. 104.042, subd. (3)], says: "All defects in pleading, either in form or substance, not objected to in the trial court, shall be deemed to be waived."

██ The rule announced in the case of *Lasko v. Meier*, 394 Ill. 71, has been recognized in later cases. In the case of *Gulf, Mobile & Ohio Railroad Co. v. Arthur Dixon Transfer Co.*, 343 Ill. App. 148, at page 152, the court there said: " 'If, with all intendments in its favor, a complaint wholly and absolutely fails to state any cause of action at all, objection can be made to it for the first time on appeal. But, on the other hand, if the complaint states a cause of action, no matter how defectively or imperfectly alleged, and the same is not challenged below, then such defectively stated cause of action is cured by verdict and cannot be questioned on appeal.' " This rule is again stated in the case of *Gustafson v. Consumers Sales Agency, Inc.*, 346 Ill. App. 493, at page 496. *Brenner v. Village of Phoenix*, 347 Ill. App. 177.

██ In this case, if, as the defendant contends, the allegations of due care on the part of the driver should have been alleged and the complaint was defective in that respect, no objection was made by the defendant until after the verdict. It must be conceded that the complaint did state a cause of action, whether defective or not and this defect might have been a fatal objection on motion to dismiss or strike. However, the defendant did not raise any objection until after verdict and in view of the cases cited and the provision of the Civil Practice Act, the matter must be held to have been waived by the defendant and it cannot be raised for the first time on the appeal. The defect was cured by the verdict.

██ The next question raised by the defendant is that the negligence of the driver is imputable to the plaintiff, claiming that the driver was subject to orders of the plaintiff. The defendant cites among others, the recent case of *Jacobs v. Illinois National Bank and Trust Company*, 345 Ill. App. 30 in support of this position. This was a guest case and is not applicable here

in its entirety. However, we think as a general proposition, if the plaintiff had control of the driver, any negligence on the part of the driver, if proven, would be imputable to the plaintiff. But in this case, the question of control, if any, the question of negligence on the part of the driver, if any, were questions of fact, since the testimony as to both points was conflicting. This court must assume that the jury found by their verdict, to the contrary, since their verdict was for the plaintiff.

▆▆ The contentions that the plaintiff or the driver could have seen the train in time to have avoided a collision; that there was a warning signal or signals; that the driver or plaintiff should have been on the lookout for a train; that the danger at the crossing was known to the plaintiff and the driver; that the driver or the plaintiff did not listen or look for the train, the speed of the train and such related matters, are all matters of fact, with conflicting evidence. This court has repeatedly held that where disputed questions of fact are presented to a jury and the jury passes upon them, unless palpably erroneous the findings of fact by the jury will not be disturbed by the reviewing court. *Western & Southern Life Insurance Co. v. Brueggeman,* 323 Ill. App. 173; *Sullivan v. Morey,* 326 Ill. App. 553; *Lurie v. Newhall,* 333 Ill. App. 173; *Hubele v. Baldwin,* 332 Ill. App. 330; *Vancuren v. Vancuren,* 348 Ill. App. 351.

▆ The defendant also contends that the counsel for the plaintiff asked a number of questions that were prejudicial and then upon objection by defendant withdrew the questions; that on one occasion, the court sustained the objection of the defendant but remarked "We are losing time with these objections." The theory of the defendant is that the jury was thereby prejudiced and the cause of the defendant militated against. We have read the testimony of the witnesses, the objec-

tions and the rulings of the court and we fail to perceive any prejudice to the cause of the defendant. As to the remark of the court, it would seem to be justified. The question had been asked: "When you say 'weedy,' can you describe what you mean by that?" and the answer was: "Well, weeds; big, tall weeds." The next question asked was: "and about how tall?" Counsel for the defendant then interposed an objection to the statement that they were tall weeds and asked to have it stricken as a conclusion of the witness. The court then said: "That is a conclusion but perhaps the next question will straighten it out. I will sustain the objection all right but we are losing time on these things, I think." Here the witness had volunteered that the weeds were tall weeds. The next question in effect cured this voluntary statement, by asking how tall and the court recognized this fact. Nevertheless, the court sustained the objection. The remark is one that any trial judge might make in an effort to speed the progress of a trial. If the record is correct, after the voluntary statement by the witness that the weeds were big, tall weeds, the questions were asked as to how tall the weeds were. Counsel for defendant must have heard the question which would have cured the voluntary statement. His objection therefore merely encumbered the record, served no useful purpose and in the opinion of this court, the trial court was more than justified in his remark. Far too often, objections are made that serve no purpose and merely hinder the progress of the trial. The contention that the effort of the trial judge to speed up the trial of the cause by registering his objection to needless objections, prejudiced the rights of the defendant, is at best a conclusion. This court can see no merit in it.

██ ██ The defendant contends that certain instructions given for the plaintiff were reversible error and that failure to give certain instructions for the

defendant was error. The court gave 12 instructions for the plaintiff and 13 for the defendant. To try and treat each one of the instructions separately would unduly lengthen this opinion. We think, as a whole, taking all the instructions given, that the jury was properly instructed as to the law of the case. In considering the correctness and adequacy of a charge to a jury, it should be taken as a whole and read in its entirety, that is, each instruction must be considered in connection with others of the series referring to the same subject and connected therewith, and if, when taken together, they properly express the law as applicable to the particular case, there is no just ground for complaint, even though an isolated and detached clause is in itself inaccurate, ambiguous, incomplete or otherwise subject to criticism. 53 American Jurisprudence, page 618. *Devine v. Chicago, R. I. & P. Ry. Co.*, 266 Ill. 248.

It appearing to this court that the defendant had a fair trial, the judgment will be affirmed.

*Affirmed.*