(No. 33300.—

ALVINA BREMER, Appellee, *vs.* ELMER L. BREMER, Appellant.

*Opinion filed October 25, 1954.*

JOSEPH KEIG, of Chicago, for appellant.

SOL R. FRIEDMAN, and I. S. FRIEDMAN, both of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Alvina Bremer, plaintiff-appellee, hereinafter referred to as plaintiff, commenced a divorce action in the circuit court of Cook County against the defendant-appellant,

hereinafter referred to as defendant. The complaint, as amended, contained allegations as to the property holdings of the defendant, his earning capacity and his ability to support and maintain plaintiff, in addition to allegations that would warrant a decree for divorce.

The amended complaint sought a decree of divorce, temporary alimony, permanent alimony, attorney's fees and adjustment of property rights between the parties. On May 12, 1952, a decree of divorce was entered, by the terms of which the court retained jurisdiction to enter an order for permanent alimony, attorney's fees and to adjust property rights between the parties. These matters were referred to a master by the express terms of the decree of divorce.

Thereafter, after having received the master's reports and recommendations relative thereto, the court entered a supplemental decree awarding permanent alimony, fixing attorney's fees and ordering the conveyance of certain real estate by and between the parties. This appeal is from that supplemental decree, and since a freehold is necessarily involved an appeal lies directly to this court.

Initially, it is contended by the defendant that a circuit court, after a decree of divorce, does not have jurisdiction to enter a later, supplemental decree fixing attorney's fees for services rendered in the divorce proceeding. Defendant contends that the decree of divorce is necessarily based upon a "final hearing" as that term is used in section 15 of the Divorce Act. (Ill. Rev. Stat. 1951, chap. 40, par. 16.) The pertinent language of that section provides: "The court may, in its discretion reserve the question of the allowance of attorney's fees and suit money until the final hearing of the case and may then make such order with reference thereto as may seem just and equitable, regardless of the disposition of the case."

Having entered a decree of divorce, final for some purposes, does not mean that a court of equity has thereby

divested itself of jurisdiction to dispose of other matters necessarily incident to the divorce proceedings. This is especially true when, as here, the court has by the express terms of its decree reserved jurisdiction to pass on the question of alimony, attorney's fees and property rights.

We have often stated that courts of equity have no general powers over divorce cases and matters relating thereto and that their jurisdiction must necessarily be based upon statutory authority. (*Arndt* v. *Arndt,* 399 Ill. 490; *Smith* v. *Smith,* 334 Ill. 370; *Clubb* v. *Clubb,* 402 Ill. 390.) We have likewise often stated that a divorce proceeding partakes so much of the nature of a chancery proceeding that it must be governed to a great extent by the rules applicable thereto. (*Bowman* v. *Bowman,* 64 Ill. 75; *Walters* v. *Walters,* 409 Ill. 298.) In divorce matters the court has statutory jurisdiction to pass upon attorney's fees, alimony and property matters. The term "final hearing" in the context above quoted is not a limitation on the jurisdiction of the court to pass upon these matters subsequent to the decree of divorce.

Defendant further contends that the complaint herein is not sufficient to support an award of any permanent alimony or attorney's fees. The amended complaint, as above related, does contain sufficient allegations with respect to these matters. In addition, the complaint also alleges, in reference to the property awarded to the plaintiff and which was held in joint tenancy by the plaintiff and the defendant, that the plaintiff had special equities therein by reason of the fact that she had made large contributions of money in its purchase and made payments on the mortgage indebtedness existing thereon. Moreover, the record demonstrates that the defendant has not previously raised any question as to the sufficiency of the pleadings. He proceeded to trial on these pleadings. He cannot now, for the first time, be heard on the question of their sufficiency. Ill. Rev. Stat., 1951, chap. 110, par. 166.

The defendant next contends that an award of permanent alimony in the sum of $60 per month is not justified by the evidence. We find no merit in such contention.

Plaintiff, aged 56, had been married to defendant for 35 years. For the past ten years she had been employed, and, at the time of the hearing, was earning $275 per month. There was evidence that she was in poor health and receiving medical care at the time of the proceeding below. Defendant was shown by the evidence to have income adequate to make a payment of $60 per month. The evidence below also demonstrated that this payment, when considering the age, condition of health, and other factors, would not be burdensome on the defendant and not excessive to meet the needs of the plaintiff. On a careful review of the evidence, we are of the opinion that the court below was well within its discretion in fixing the permanent alimony in this case.

Finally, the defendant contends that attorney's fees ought not to be allowed, since plaintiff's attorney did not prosecute the case on appropriate pleadings or conduct the hearings in a manner consonant with the appropriate administration of justice. We do not believe this contention is sound, for from an examination of the record we are satisfied that plaintiff's attorney did prosecute this case on appropriate pleadings, which were not objected to by the defendant in the trial court, and that said counsel otherwise prosecuted the action in such a manner and performed work incident thereto fully justifying the $1500 fee set by the court. The evidence which we have heretofore considered pertaining to the allowance of alimony also, in our opinion, is sufficient under the circumstances to justify allowance of said attorney fee, the amount of which, as aforesaid, is not shown to be unreasonable.

For the reasons stated, the decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*