Paramount Paper Tube Corporation, Plaintiff-Appellee, v. Capital Engineering & Manufacturing Company, Rudolph Martin, Individually, and Center Tool & Manufacturing Co., Inc., Defendants-Appellants, and Eugene Doven, Defendant.

Gen. No. 46,907.

First District, Second Division.

September 25, 1956.

Released for publication November 27, 1956.

Frederick A. Smith, of Chicago, for defendants-appellants; Albert Langeluttig, and Jack Joseph, of Chicago, of counsel.

Herldon H. Bowen, of Chicago, for plaintiff-appellee; Albert E. Jenner, Jr., Thomas P. Sullivan, and Johnston, Thompson, Raymond, Mayer & Jenner, all of Chicago, of counsel.

JUDGE SCHWARTZ delivered the opinion of the court.

Plaintiff brought this suit to recover damages for violation of the Illinois Bulk Sales Act and to impose a lien on goods transferred in violation of the Act.

On February 11, 1954, the three defendants-appellants, whom we will call defendants, were defaulted for failure to file answer, and judgment was entered against them in the sum of $3,182.06. No execution was served until August 11, 1955. On August 17, 1955, defendants filed a verified petition seeking to set aside the judgment. A motion to dismiss the petition was filed by plaintiff September 16, 1955. On December 6, 1955, a petition for change of venue presented on behalf of defendant Martin, concurred in by the corporate officers, was denied and an order was entered denying the prayer of the defendants' petition to vacate the decree entered February 11, 1954. Defendants appeal from the judgment and orders before mentioned.

■ The primary question involved is whether the petition to set aside the default judgment states a case for relief. For our purpose the facts well pleaded must be accepted as true. After the complaint was filed the parties stipulated to an extension of time for

457

the filing of the answer to January 15, 1954. Defendants did not file their answer on time. On February 9, 1954, the attorney for defendants received notice that plaintiff would appear in court February 10, at 10 a.m. and move for judgment by default. Upon appearing in court an order was entered requiring defendants to answer by 10 a.m., February 11, 1954. On February 11, defendants' attorney handed answers on behalf of defendants to the clerk of the court *at or before 10 a.m.* They were stamped by the clerk as filed at 10:16 a.m. Copies were mailed to plaintiff's attorney. On the same day, on plaintiff's motion, the court entered an order that the cause had come on for hearing, due notice having been given to all parties, and that defendants had failed and refused to answer as directed by the court and were in default and thereupon the court entered the judgment referred to.

It was not until one year later, February 21, 1955, that plaintiff caused an execution to issue but did not place it with the sheriff. August 9, 1955, a year and a half after the entry of the judgment, another execution was issued and was served on defendants. August 17, 1955, defendants presented their petition before referred to. In addition to the allegations referred to, the petition alleges that plaintiff failed to give notice that it would move for a default judgment February 11, 1954, but represented to the court that due notice had been given and that defendants had failed to file their answers and that those misrepresentations induced the court to enter the default decree. The petition also alleges that neither defendants nor their counsel knew of the entry of the default decree until August 11, 1955, when execution on the judgment was first served on defendants, and they aver they have a meritorious defense to the action.

Many decisions are cited by the parties to this cause relating to proceedings of this character, but as we

458

said in Lichter v. Scher, 4 Ill.App.2d 37, 123 N.E.2d 161, all these must be reconsidered in the light of Ellman v. De Ruiter (1952), 412 Ill. 285, 106 N.E.2d 350 reviewing a decision of the Appellate Court, First District, 344 Ill. App. 557. In that case our Supreme Court had before it a situation corresponding in its substantial aspects to the case at bar. It appears that process had been served but the defendant, through mistake or misunderstanding as to the return day of the summons, failed to file his appearance on time. Default was taken and an ex parte judgment was entered at the same time the plaintiff was negotiating with the defendant for settlement. The defendant was not informed of the judgment until more than 30 days after its entry. The trial court granted a motion to vacate the judgment. On appeal, the Appellate Court held that the failure to advise the court of certain other proceedings which had a bearing on the question and of the fact that a firm of attorneys had procured a copy of the complaint in the defendant's behalf was not concealment of such facts as would have precluded the court from entering the default judgment. The court also said that the error of a docket clerk employed by the defendant's attorney was no ground for the vacation of a judgment, since no act or omission of the adverse party had contributed to the error. The Appellate Court then held that however lacking in fairness the plaintiff's counsel's conduct may have been, it was not ground for vacating the judgment, as a petition of that sort was not addressed to the equitable powers of the court. The Supreme Court reversed the Appellate Court and laid down the principle that the common law restrictions on a motion of this character were no longer applicable; that while the Civil Practice Act has not effected a complete amalgamation of practice and procedure in common law and suits in equity, there has been a fusion sufficient to enable

a court of law, when the occasion demands it, to apply equitable principles in determining whether relief should be granted in such proceedings. The Supreme Court thought that on that basis it was "within the spirit of the Civil Practice Act, and within the scope of the function of the motion which has replaced the writ of error coram nobis, that defendant be given summary relief in this proceeding." In the opinion which this division rendered in Lichter v. Scher, supra, we referred to the great impact of the decision in Ellman v. De Ruiter, supra, and to the many instances in which it had already been cited, which have since multiplied. It would serve no purpose to repeat our views.

■ We feel that the instant case is stronger than the case of Ellman v. De Ruiter, supra. In the instant case answers were presented before or at 10 a.m. and stamped filed within 16 minutes after the time set for the filing thereof and, according to the averments of the petition, the clerk had the answers in his hands at the opening of court. Those answers were on file at the time plaintiff was moving for a default and at the time the court entered the order of default or in any event but a few minutes elapsed before the clerk had affixed his filing stamp thereto. It also appears that copies of the answers were mailed to plaintiff's attorney. Yet more than a year elapsed before he sued out an execution and when he did so, he did not put it in the hands of the sheriff but waited six months and then sued out another execution which he had served. Not until then were defendants aware of the fact that judgment by default had been taken against them. Under ordinary circumstances a long passage of time following the entry of a judgment might put upon defendants the responsibility of checking the files or examining the records to see what had been done. However, an extraordinary situation exists in this county due to the congestion of the court calendars and the long delay in the trial of cases resulting therefrom.

460

Other points are made by plaintiff and cases cited in support, but they are so inconsonant with the views expressed by the court in the Ellman case that we can no longer consider them persuasive. The petition stated a case for the vacation of the judgment, and the motion to dismiss should be overruled.

■■ As the motion for change of venue may arise again, we feel we should decide that question. In the order denying the change of venue it is recited that the cause had theretofore been pending under advisement on the petition to vacate and that argument of counsel had been heard and considered at length by the court. All this occurred prior to the time of the motion for change of venue. The court properly denied that motion. It is an abuse of the Venue Act to attempt to use it to avoid an expected adverse ruling. Commissioners of Drainage Dist. No. 1 v. Goembel (1943), 383 Ill. 323, 50 N.E.2d 444; Richards v. Greene (1875), 78 Ill. 525; Flassig v. Newman (1943), 317 Ill. App. 635, 640, 47 N.E.2d 527.

The judgment is reversed and the cause is remanded with directions to the trial court to overrule the motion to dismiss the petition to vacate and to take such further proceedings as are consistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

ROBSON, P. J. and McCORMICK, J., concur.