Robert G. Maierhofer, Appellee, v. Emil Gerhardt and Lake Zurich Hotel (Emil Gerhardt, Appellant).

Gen. No. 11,429.

Second District, First Division.

February 3, 1961.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellant.

D. Varraveto, Jr., of Chicago, for appellee.

SMITH, P. J.

This case was dismissed for want of prosecution by the Circuit Court of Lake County at the annual call of the common law docket. Plaintiff's petition under the provisions of Sec. 72 of the Civil Practice Act (Ill. Rev. Stat. 1959, Chapt. 110, Sec. 72) was allowed, the order of dismissal vacated, and the cause re-instated and set for trial. We review this record on the defendant's appeal from the order of re-instatement.

Plaintiff filed his suit on Sept. 9, 1953 to recover damages for injuries sustained in a fall from a porch on premises leased by him from the defendant. Issue was joined by answer. In September of 1956 plaintiff's original attorney, on due notice, withdrew for want of

client cooperation in the settlement and prosecution of the case and a new attorney appeared. On January 28, 1958, at the annual docket call, the trial court, apparently on its own motion, dismissed the suit for want of prosecution. On March 9, 1959, with both parties present, the second attorney withdrew, present counsel was substituted and the cause was placed on the May, 1959 trial calendar. It would appear that plaintiff's counsel, defendant's counsel and the Court were each then unaware of the previous dismissal order. On April 29, 1959 defendant filed a motion to remove the case from the trial calendar and to strike it from the docket for the reason that it had been previously dismissed, more than thirty days had gone by and the plaintiff had not filed a timely motion to re-instate. The Court removed the case from the trial calendar and continued the motion to strike. On July 30, 1959 plaintiff filed his verified petition to vacate the order of dismissal, to re-instate the case and to set it for jury trial. The defendant answered the petition and asserted that the Court was without jurisdiction to vacate the order of dismissal as that order became final after thirty days. The order granting the plaintiff's petition to vacate and to re-instate precipitated this appeal.

The record before us discloses that this case rested in relative repose for more than four years; that the order of dismissal was apparently made on the Court's own motion without prior notice to either party; that the rules of the Lake County Circuit Court provided that at the call of the trial calendar "all cases that are at issue may be placed on a special trial calendar or passed in the discretion of the court"; and that no notice subsequent to the dismissal was given by the clerk of the court's action. The defendant contends that the plaintiff is an ambassador without portfolio in a court of justice as he did not file a simple motion within thirty days as authorized by statute (Ill. Rev. Stat.

47

1959, Chapt. 110, Sec. 50(6)) or re-file his suit within one year of its dismissal as permitted by statute where plaintiff suffers a non-suit. (Ill. Rev. Stat. 1959, Chapt. 83, Sec. 24(A).) Defendant further contends that the plaintiff's petition is insufficient in form in that it is signed by plaintiff's present attorney without knowledge of the facts, that it is a "verified petition" rather than a "petition supported by affidavit" as required by Sec. 72 and that it is insufficient in substance in that it alleges no fact or facts which, if known to the court at the time the order of dismissal was entered, would have prevented the entry of the order.

■■ The objection to the sufficiency of the petition was waived by the defendant as it was not raised in nor passed on by the trial court (Ill. Rev. Stat. 1959, Chapt. 110, Sec. 42(3)) and is thus not before us for review. While the petition must be filed in the same proceedings in which the order, decree or judgment attacked was entered, "it is not a continuation" of the original suit. The proceedings is, in legal effect, the institution of a new suit with the petition standing in lieu of a complaint. By foregoing a motion attacking the sufficiency of the petition and answering on the merits the defendant "waived any question as to its sufficiency, and it will be treated as properly stating a cause of action." (Smyth v. Fargo, 307 Ill. 300, 138 N. E. 610.) He cannot for the first time in this Court question the sufficiency of the petition. (Bremer v. Bremer, 4 Ill.2d 190, 122 N.E.2d 794; Fisher v. Illinois Terminal R. Co. 350 Ill. App. 555, 113 N.E.2d 344.)

■ The sole basis on which the defendant relies in his answer is that the order of dismissal became final after thirty days and the Court, therefore, was without jurisdiction to entertain a petition to vacate. The petition sets forth that negotiations for settlement had been carried on for some time; that an offer of settlement for $2,800.00 had been made and rejected; that had the

48

clerk or court known it was at issue and ready for trial it would not have been dismissed without notice; that it was inadvertently dismissed; that the plaintiff was awaiting its setting on the trial calendar; that no notice was given the plaintiff either before or after the dismissal and that the plaintiff was without culpability in the matter. The defendant, himself without culpability, insists that there is here no mistake of fact, which, if known to the court at the time, would have prevented the order of dismissal. The action of the trial court in re-instating the cause on this petition is in itself, in a measure, a refutation of this argument. We find it difficult to believe that the fact or facts which impelled a trial court to vacate an order of dismissal after more than a year would not have deterred or prevented its original entry had he known them. In Ellman v. De Ruiter (412 Ill. 285, 106 N.E.2d 350) our Supreme Court addressed itself to the function of Section 72 and said "it is our belief that the motion may, under our present practice, be addressed to the equitable powers of the court, when the exercise of such power is necessary to prevent injustice." It strains the normal concepts of justice to hold that any culpability rests with the plaintiff in relying on the court's own rules to place the case on the special trial calendar or pass it in the court's discretion. If set for trial, notice would have been given and a trial on the merits would normally result, or a continuance ensue or a dismissal for want of prosecution appropriately entered. If passed on the call, the plaintiff would have been delayed but not destroyed.

■ ■ The record further shows that the clerk gave no notice of the dismissal for want of prosecution as required by Sec. 50.1 of the Civil Practice Act (Ill. Rev. Stat. 1959, Chapt. 110, Sec. 50.1). While such failure does not vitiate the order of dismissal, the requirement of notice to a defaulted or non-suited

party was patently intended to galvanize such a party into action within the thirty days for a simple motion under Sec. 50(6). Reliance on such a statutory provision can scarcely be termed culpability on the part of the plaintiff. To be summarily excommunicated, without notice either before or after the event is not consonant with the principles enunciated in De Ruiter that the motion under Sec. 72 may be addressed to the equitable powers of the court to prevent injustice. "The motion has been extensively used as a procedural devise to prevent injustice by making possible the vacation of judgments without notice where specific notice is required." (Ellman v. De Ruiter, supra; Jacobson v. Ashkinaze, 337 Ill. 141, 168 N.E.2d 647.) Whether the failure to give notice is either before or after the event the effect on the party seeking relief is the same. He is successfully decapitated, and permanently, in the absence of available equitable relief. "Common law restrictions on motions of this character are no longer applicable." (Paramount Paper Tube Corp. v. Capitol Eng. & Mfg. Co., 11 Ill.App.2d 456, 138 N.E.2d 81.) To avoid injustice equity has historically cut through the common law straight-jackets to afford relief. The broad language and purpose of Sec. 72 is a sufficient spring-board to relieve from the failure to give notice either before or after the event in proper cases. Such is the instant case.

This case is now in its seventh year and it may well be the elder statesman in the Lake County Circuit Court but that fact alone does not justify its peremptory demise on the record now before us. The order of the trial court should be and it is hereby affirmed.

Affirmed.

DOVE, J. and McNEAL, J. concur.

McNEAL, J., specially concurring:

In my opinion this petition for writ of error coram nobis presented no facts not appearing of record, which, if known to the trial court at the time the dismissal for want of prosecution was entered, would have prevented its entry, and it presented no situation within or equivalent to the matters mentioned by the Supreme Court in Glenn v. The People, 9 Ill.2d 335, 340, 137 N.E.2d 336, as appropriate for correction under CPA 72. I concur with affirmance solely because the sufficiency of the petition was not raised in the trial court and is not before us for review.