JAMES P. FARLEY *v.* BEVERLY A. FARLEY *v.* NORMAN NEWMAN, DIXON DANN, AND DANN, BACKER, PECAR AND NEWMAN.

[No. 472A184. Filed August 23, 1973. Rehearing denied September 20, 1973. Transfer denied February 18, 1974.]

*Stephen B. Cohen,* of Chicago, Illinois, *James R. Nickels, Bulen & Castor,* of Indianapolis, for appellant.

*Ronald S. Lieber,* of Indianapolis, for appellee, *Beverly A. Farley; Theodore R. Dann,* of Indianapolis, for appellees, *Newman, Dann and Dann, Backer, Pecar and Newman.*

SULLIVAN, J.—This is an appeal from an order by a special judge for litigation expenses and attorney fees (suit money) against the appellant-plaintiff James Farley (husband) following entry of a divorce decree for appellee-defendant Beverly Farley (wife). The chronology of events are as follows:

February 5, 1970—The husband filed a complaint for divorce against the wife.

May 28, 1971—The attorneys for the wife, appellees (petitioners for fees below) Newman and Dann, and the law firm of Dann, Backer, Pecar & Newman (Newman) filed a petition for withdrawal of appearance pursuant to the wife's request. Included in this petition was a request for suit money.

June 8, 1971—The husband moved to assess the suit money against the wife. Also on this date the wife, who had engaged new attorneys, entered into a property settlement agreement with the husband.

June 23, 1971—The property settlement agreement was filed with the court. Thereafter, upon the same date, the court by special judge entered a divorce decree which incorporated the property settlement agreement.

October 22, 1971—The husband filed a memorandum of law in support of the motion he had filed on June 8, 1971.

November 19, 1971—The special judge entered an order for the husband to pay the suit money.

December 1, 1971—The husband filed a motion pursuant to Rule TR. 60 to reconsider the court's order of November 19, 1971.

December 6, 1971—The special judge amended his November 19, 1971 order but again assessed the suit money against the husband.

January 18, 1972—The husband filed a motion to correct errors.

January 20, 1972—The special judge entered an order denying the motion to correct errors.

On appeal the husband argues four allegations of error:

1. The court lacked jurisdiction to enter the amended order of December 6, 1971 because the divorce decree was final on June 23 and suit money cannot be awarded subsequent to a decree of divorce.
2. The court lacked jurisdiction to enter the order of December 6, 1971 because the lapse of time between the final decree and the order deprived the court of subject matter jurisdiction.
3. The special judge lacked jurisdiction to enter the order on December 6, 1971.
4. If the court and judge did have jurisdiction to enter the order of December 6, 1971, then the court abused its discretion in ordering the husband to pay the suit money.

## UNDER THE CIRCUMSTANCES OF THIS CASE, THE COURT HAD JURISDICTION TO ENTER ITS ORDER AWARDING ATTORNEY FEES AND LITIGATION EXPENSES AFTER ENTRY OF THE DECREE AWARDING DIVORCE

The husband contends that both the statutory and common law duty of the husband to support his wife terminates upon entry of a final divorce decree, and that because the duty so terminates, any order for suit money must be included in the divorce decree or it is forever barred.

In general, suit money consists of the attorney fees and litigation expenses generated by the wife's attorneys during the divorce proceedings. *Yost* v. *Yost* (1895), 141 Ind. 584, 41 N.E. 11.

The rationale which permits the court to require the husband to pay suit money *pendente lite* is to insure the wife an efficient preparation of her case and a fair and impartial trial. *Welling* v. *Welling* (1971), 257 Ind. 120, 272 N.E.2d 598; *Brown* v. *Brown* (1945), 223 Ind. 463, 61 N.E.2d 645.

In *O'Connor* v. *O'Connor* (1969), 253 Ind. 295, 253 N.E. 2d 250, our Supreme Court specifically recognized two jurisdictional bases upon which the husband may be required to pay suit money. The first jurisdictional basis is statutory in origin and is contained in IC 1971, 31-1-12-11, Ind. Ann. Stat. § 3-1216 (Burns 1972 Supp.) which in part provides:

> "Pending a petition for divorce, the court, or the judge thereof in vacation, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper and such orders relative to the expenses of such suit and attorney fees as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. . . ."

This section of the statute provides for a *pendente lite* order for attorney fees and litigation expenses. *Pendente lite*

is derived from the phrase "pending a petition for divorce" and relates to the period of time between the commencement of the action and the rendition of final judgment. *Cirtin* v. *Cirtin* (1928) 199 Ind. 737, 164 N.E. 493. Thus, a court may order payment of suit money during the process of litigation but before *final* judgment.

The statute also contains the following provision:

"And, on decreeing a divorce in favor of the wife or refusing one on the application of the husband, the court shall, by order to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition including a reasonable sum for the services of the attorney representing such wife which sum for attorney fee shall be payable direct to said attorney and the order for same shall be in the name of said attorney, when such divorce has been granted or refused. . . ."

The cases prior to the *O'Connor* decision interpreted this statutory language to mean that *only* upon success of the wife in obtaining a divorce or the husband being refused a divorce could suit money be required to be paid by the husband. The rationale underlying these decisions was that suit money was solely a creature of statute and that therefore, with respect to a *final decree,* an allowance could only be made as specified by the statute.

The *O'Connor* decision overruled the earlier cases to the extent that they required success upon the part of the wife in a divorce action and held that the only basis upon which an award of suit money would be overturned would be upon a showing of an abuse of discretion.

*O'Connor* established a second underpinning for the payment of suit money—the common law duty of the husband to support his wife. The court said:

"The only limitation on this approach would seem to be that the order for fees must be included as a part of the final Decree, *since once the Decree becomes final, it would appear that all obligations relative to the common law*

*duty to support cease except as specified by the Decree itself.*" 253 N.E.2d at 254 (emphasis supplied)

*O'Connor* would then indicate that neither the statute nor the common law would allow courts to assess suit money after entry of a final divorce decree, unless the decree itself specifies otherwise.

We will assume arguendo for the purposes of our immediate consideration that the husband is correct and that the divorce decree as entered June 23, 1971 was a final decree.[1] In order to determine whether the suit money issue was resolved by the June 23 decree, we must look to the decree itself which states insofar as pertinent:

"IT IS THEREFORE, CONSIDERED, ADJUDGED AND DECREED BY THE COURT that:
1. The bonds of matrimony heretofore existing between the parties hereto be and the same are hereby wholly dissolved and held for naught;
2. The cross-plaintiff and defendant, Beverly A. Farley, be and she is hereby granted an absolute divorce from the plaintiff and cross-defendant James P. Farley;
3. That the *divorce settlement agreement* including but not limited to terms relating to child support, visitation of minor children, lump sum alimony settlement, division of personal property and payment of marital debts signed in open court on the ninth day of June, 1971 is hereby approved and incorporated herein as part of this judgment and decree as though fully set forth herein in the words and phrases as follows: * * *" (Emphasis supplied)

Although the decree does not make a determination with respect to the issue of suit money, it does incorporate by reference the property settlement agreement, which contains the following language:

"It is acknowledged that the law firm of Dann, Backer, Pecar and Newman shall make a claim with the Court

---

1. It has been stated, however, that a judgment is not final if it "reserves [a] further question or direction for future determination." *Pokraka* v. *Lummus* (1952) 230 Ind. 523, 104 N. E. 2d 669; *Fender* v. *Herald-Times, Inc.* (1969) 145 Ind. App. 575, 251 N. E. 2d 843.

for attorneys' fees, *and the parties agree to abide by the decision of the Court in awarding any attorneys' fees to Dann, Backer, Pecar and Newman.*" (emphasis supplied)

According to the language contained in the settlement agreement the parties agreed to abide by a decision of the court. This language did not bind either party to pay suit money until that decision of the court was made. In Indiana the husband does not bear an absolute duty to pay the legal fees generated by his wife in a divorce action and as earlier noted the court has discretion whether to assess fees against the husband. *State ex rel. DeArmond* v. *Superior Court* (1940), 216 Ind. 641, 25 N.E.2d 642; *Becker* v. *Becker* (1966), 141 Ind. App. 562, 216 N.E.2d 849. It was therefore conceivable that the trial court, in its discretion, could decide that the wife should not be awarded attorney fees and litigation expenses.

The settlement agreement did not resolve the issue but left the matter for future determination by the trial court.

*O'Connor* states that the common law and statutory duties cease upon entry of the final judgment *except* such as are specified by the decree itself. Appellees Newman contend that the court "reserved" the issue of suit money at the time the divorce decree was entered. The specific language which Newman refers to is found in the portion of the June 23 "Decree and Judgment for Divorce" which precedes the formal decretal segment of the instrument:

". . . The petition for fees filed by Attorneys, Dann, Backer, Pecar and Newman, Norman Newman and Dixon Dann is hereby reserved for later disposition."

The general rule is that recitals in a decree are usual and proper, but the rights of the parties are adjudged not by these recitals but solely by the decretal portion of the decree, i.e., the judgment. See *Sowders* v. *Clyde Overdorf Motors, Inc.* (1972), 154 Ind. App. 123,

289 N.E.2d 332; 1 Freeman on Judgments (5th Ed. 1925) § 3, p. 6. This is not to say, however, that matters purposely and specifically left for future determination must be deemed settled in contravention of an express order of the court as contained within the four corners of the decretal instrument. The validity of the husband's position in this regard depends upon a reasoning which flies in the face of the stated intent of the trial court with reference to the effect of the divorce decree and would require us to assume or hold that the court did in fact or in law conclude an undetermined issue, i.e., suit money, when the record clearly indicates to the contrary. As stated in *Public Service Commission* v. *Ft. Wayne Union Ry. Co.* (1953), 232 Ind. 82, 91, 111 N.E.2d 719:

> "We should not be required to assume that the court has decided an issue when the record, to which we may look to ascertain the meaning and effect of a judgment, *State ex rel Booth* v. *Beck Jewelry Enterprises* (1942), 220 Ind. 276, 41 N.E.2d 622, 141 A. L. R. 876, reveals that the court has not, in fact, done so."

It is clear therefore that in view of the settlement agreement incorporated within the judgment itself and the court's specific recital preceding the formal judgment, and in further view of the fact that the court had made no ruling upon the motions of May 28 and June 8, 1971 which specifically sought assessment of suit money, the court was not merely silent with respect to suit money but intended to and did reserve the determination with respect to this issue for a future time.

We believe that neither logic nor reason supports an absolute rule of law which prohibits an assessment of suit money against the husband merely because not finalized in the divorce decree. Although the duty of support ceases when the marital relationship is severed, suit money is attributable to and is incurred while the marital relationship exists and while the husband retains the common law duty of support.

The Supreme Court of Indiana has held that the usual individual subjects embraced within a divorce decree including marital status, distribution of property, alimony, and custody of children are not each such an integral and inviolate part of the whole judgment as to be indivisible. *Alderson* v. *Alderson* (1972), 258 Ind. 328, 281 N.E.2d 82. Since the *Alderson* rule allows separate consideration of various facets of the divorce decree upon appeal, there appears to be no valid reason why suit money cannot be fixed subsequent in time to entry of the order which severs the marital relationship.

Our holding in this regard is in keeping with well reasoned decisions from other jurisdictions. See *Hokin* v. *Hokin* (1968), 102 Ill. App. 2d 205, 243 N.E.2d 579; *Bremer* v. *Bremer* (1954), 4 Ill. 2d 190, 122 N.E.2d 794; *Fox* v. *Fox* (1933), 263 N. Y. 68, 188 N.E. 160; *Aronson* v. *Aronson* (1970 Okla.) 468 P. 2d 493. In the *Bremer* case, *supra*, the Illinois Supreme Court considered a statute permitting the reservation of the question of suit money "until the final hearing of the case". Holding that an allowance of suit money did not have to be made prior to or contemporaneous with the final decree, the court there stated appropriate to the matter before us:

> "Having entered a decree of divorce, final for some purposes, does not mean that a court of equity has thereby divested itself of jurisdiction to dispose of other matters necessarily incident to the divorce proceedings. This is especially true when, as here, the court has by the express terms of its decree reserved jurisdiction to pass on the question of alimony, attorney's fees and property rights." 122 N.E.2d 794, 795.

We hold that under the facts of the instant case, the trial court did not improperly enter the order for suit money.

## ASSERTION OF ERROR WITH RESPECT TO JURISDICTION OF COURT TO ENTER SUIT MONEY ORDER WAIVED

The husband contends that even if the court was not barred from entering an order for suit money subsequently to the divorce decree, in the instant case the court was so barred by the lapse of 149 days between entry of the divorce decree and the order for suit money. He takes the position that since the decree was final any additions or changes made in the decree must have been made while the court still retained jurisdiction over its judgment. Although the husband does not refer to any statutory language to support his position, we assume that he considers IC 1971, 33-1-6-3, Ind. Ann. Stat., § 4-6312 (Burns 1968) ;[2] and Rule TR. 52(B)[3] as controlling. Under either Rule TR. 52(B) or the statute, 149 days would exceed the time within which the court could amend its judgment. If, however, as hereinbefore stated, there was a continuation of the court's jurisdiction by a reservation of

---

2. This statute provides that all courts shall retain power and control over their judgments for a period of 90 days.

3. Rule TR. 52(B) states:

"Upon its own motion at any time before a motion to correct errors (Rule 59) is required to be made, or with or as part of a motion to correct errors by any party, the court, in the case of a claim tried without a jury or with an advisory jury, may open the judgment, if one has been entered, take additional testimony, amend or make new findings of fact and enter a new judgment or any combination thereof if

(1) the judgment or findings are either against the weight of the evidence, or are not supported by or contrary to the evidence;

(2) special findings of fact required by this rule are lacking, incomplete, inadequate in form or content or do not cover the issues raised by the pleadings or evidence;

(3) special findings of fact required by this rule are inconsistent with each other; or

(4) the judgment is inconsistent with the special findings of fact required by this rule.

Failure of a party to move to modify the findings or judgment under this subdivision and failure to object to proposed findings or judgment or such findings or judgment which has been entered of record shall not constitute a waiver of the right to raise the question in or with a motion to correct errors."

the suit money issue or if the issues of suit money and marital status are separable as per *Alderson, supra,* the husband's contention fails. Nevertheless, once again, we will assume arguendo that his approach in this respect is prima facie valid and that there was no reservation and that the *Alderson* rationale does not apply.

Jurisdiction is defined as the legal power to entertain any matter or proceeding and to act therein and the power to act must be derived from the Constitution or from some statute. *State ex rel. Wilson* v. *Howard Circuit Court* (1957), 237 Ind. 263, 145 N.E.2d 4. This general power over a class of cases is called subject matter jurisdiction. Jurisdiction in a more limited application relates to the right to entertain a particular case within that class of cases. *Pease* v. *State* (1920), 74 Ind. App. 572, 129 N.E. 337. Finally, jurisdiction refers to the particular parties that are brought before the court.[4]

The husband contends that he properly raised a jurisdictional question in his motion to correct errors by the following language:

> "The decision is contrary to law in that said decision is based on the erroneous conclusion that plaintiff and cross-defendant James P. Farley, is responsible for attorney's fees under the decree and judgment for divorce of June 23, 1971."

To determine whether this language is sufficient, we must look to Rule TR. 59 (B) which states:

> "A motion to correct error shall state the issues upon which error is claimed, but the issues are not required to be stated under or in the language of the reasons allowed by these rules, by statute or by other law. The statement of claimed errors shall be *specific rather than general,* and shall be accompanied by a *statement of the facts and grounds upon which the errors are based.*" (Emphasis supplied)

---

4. The husband does not contest jurisdiction over his person.

The motion to correct errors is not sufficiently specific to present for our consideration a jurisdictional issue.

The husband alternatively contends that even if his motion to correct errors does not properly preserve the issue, it is elemental that subject matter jurisdiction may be raised at any time. We agree that the husband's position is a correct statement of the law but it fails to make a distinction between subject matter jurisdiction and and jurisdiction over the case. It is fundamental that timely and specific objections must be made to lack of jurisdiction over the particular case. *State ex rel. Dean* v. *Tipton Circuit Court* (1962), 242 Ind. 642, 181 N.E.2d 230; *Decatur County R.E.M.C.* v. *Public Service Co. of Indiana* (1971), 150 Ind. App. 193, 275 N.E.2d 857; *Newton* v. *Bd. of Tr. Vincennes University* (1968), 142 Ind. App. 391, 235 N.E.2d 84.

It is therefore imperative to distinguish between subject matter jurisdiction and jurisdiction over the particular case; for if the present matter involves the latter, the husband has waived the issue by not presenting it timely. The distinction is aptly drawn in 1 Wiltrout, *Indiana Practice* § 122 as follows:

"(1) Jurisdiction-Subject Matter. The subject matter of an action, *when reference is made to matters of* jurisdiction, means the nature of the action and the relief sought. If the court has jurisdiction of the *class of actions* to which the particular case under consideration belongs it has jurisdiction of the subject matter of the action. If the court does not have jurisdiction of the class of actions, the parties cannot confer such jurisdiction. The phrase 'subject matter of the action' is sometimes used to refer to the thing involved in a particular case but such is not its meaning when used in the rule regarding jurisdiction. (original emphasis)

\* \* \*

"(3) Jurisdiction-Particular Case. Jurisdiction of the particular case is different than jurisdiction of the subject-matter, although occasionally the courts speak of jurisdiction of the subject-matter of the particular case. A court may have jurisdiction of the subject-matter, that is, of the

general class of cases to which the particular case belongs, but not jurisdiction of the particular case. Jurisdiction of the particular case may be given by consent, either express or implied."

Pursuant to IC 1971, 33-4-4-3, Ind. Ann. Stat. § 4-303 (Burns 1968), Marion County Circuit Court has the power, i.e., subject matter jurisdiction, to act in the "class of actions"—divorce actions—within which a particular case falls. The expiration of the time during which the court can amend a judgment does not deprive the court of its power to act in all divorce cases but only its power to act in the particular case. Obviously, then, even assuming merit in the husband's argument, the court was deprived not of subject matter jurisdiction but of jurisdiction over the particular case.

The husband having failed to preserve the alleged error by proper specification in the Motion to Correct Error has waived it.

## APPELLANT HAS WAIVED ALLEGED ERROR WITH RESPECT TO THE JURISDICTION OF THE SPECIAL JUDGE TO ENTER THE SUIT MONEY ORDER

The husband during oral argument presented for the first time a contention that the special judge lacked jurisdiction to enter the suit money order and referred to *State ex rel. Cannon* v. *Bitzegaio* (1968), 250 Ind. 516, 237 N.E.2d 366; and *Heller* v. *Heller* (1962), 133 Ind. App. 259, 181 N.E.2d 530 as supporting this proposition.

A special judge is empowered by IC 1971, 34-1-13-3, Ind. Ann. Stat. § 2-1410 (Burns 1967) to "hear and determine" only a particular case. It is thus inappropriate to refer to *his* jurisdiction as "subject matter" jurisdiction. To be sure, a special judge may lack jurisdiction of the subject matter if the case he is selected to "hear and determine" does not fall within the class of actions over which the *court* has power. Once the cause is properly

before the court, however, jurisdictional considerations with reference to a special judge are those of the "particular case".

We note that in *Cannon* and *Heller*, the appellants timely raised the jurisdictional question, whereas appellant here asserts it for the first time upon appeal in oral argument. Accordingly, we hold as earlier observed with regard to jurisdiction of the particular case, the alleged error concerning the action of the special judge was waived.

## THE COURT DID NOT ABUSE ITS DISCRETION IN ORDERING THE HUSBAND TO PAY SUIT MONEY

The husband contends that even if the court had jurisdiction to enter the order for suit money, the award in this case was an abuse of discretion. He bases this contention upon two factors: (1) that the wife changed attorneys during the divorce action and (2) the wife was capable of paying her attorneys from assets received in the property settlement.

It is only a clear abuse of the exercise of the trial court's discretion in granting suit money which will constitute grounds for reversal on appeal. *Welling* v. *Welling, supra.*

Although it is true that a wife may not attempt to bankrupt her husband by employing multiple attorneys (See *Mathews* v. *Mathews* (1972), 151 Ind. App. 70, 278 N.E.2d 325), the case before us reveals no such motive on the part of the wife. She initially employed Newman as her attorney to handle the divorce. She later changed attorneys only because of some dissatisfaction with progress in the negotiations of the property settlement agreement which resulted in a mutual understanding for termination of Newman's representation.

As based upon the fact that the wife changed attorneys, we find no validity in the husband's argument that the court abused its discretion.

The second facet of appellant's argument is the wife's ability to compensate her own attorneys from the assets received by way of the property settlement. The property allocation indicates that the husband received property valued at $162,500 and the wife $87,500. The husband contends that from the $87,500 the wife could easily pay the $6,500 suit money. Factors other than dollar amounts, however, must be considered. These factors should generally include the relevant circumstances of the parties. *Stigall* v. *Stigall* (1972), 151 Ind. App. 26, 277 N.E.2d 802. It is within the discretion of the trial court to award suit money after the weighing of these factors.

The husband makes no other showing of abuse of discretion other than the bare allegation that the wife is capable of paying her attorneys from her share of the property settlement.

For the above reasons we hold that the trial court did not abuse its discretion in assessing against husband suit money of $6,500.00.

Judgment affirmed.

White, J., not participating; Buchanan, P.J., and Staton, J. (sitting by designation), concur.

NOTE.—Reported at 300 N.E.2d 375.