STATE EX REL. DE ARMOND *v.* SUPERIOR COURT OF
MADISON COUNTY, ET AL.

[No. 27,382. Filed March 5, 1940.]

*Grace B. De Armond* and *Lawrence Booram,* both of Anderson, for relators.

SHAKE, C. J.—This is an original action for a writ of · mandate against the Superior Court of Madison County and a special judge thereof. The relators were attorneys for a wife who was sued for divorce by her husband. A cross-complaint for divorce was filed by the defendant in that action. The petition recites that upon the trial of the cause the relators "inadvertently omitted to introduce expert opinion testimony as to the value of their services in defense of the husband's application for divorce." At the conclusion of the evidence, and before the finding was announced, relators made an oral request that they be permitted to show the value of their attorneys' fees and to make proof thereof. This request was refused and the court thereupon found against the plaintiff on his complaint and against the defendant on her cross-complaint and rendered judgment accordingly. Thereafter, and during the term, relators filed in said cause their motion to vacate the judgment and to modify the same by having an order made to require the plaintiff in the divorce action to pay a reasonable sum as attorneys' fees for the defense of the wife in said divorce suit. The court struck out the relators' motion upon the grounds that they were not parties of record and that the court was without jurisdiction to pass upon the matters presented thereby. This action followed.

Relators are proceeding under chapter 160 of the Acts of 1939, § 3-1216 Burns' 1933 (Supp.), § 923, Baldwin's Supp. 1939, which provides that:

"  .  .  .  on decreeing a divorce in favor of
the wife or refusing one on the application of the
husband, the court shall, by order to be enforced
by attachment, require the husband to pay all
reasonable expenses of the wife in the prosecution
or defense of the petition including a reasonable
sum for the services of the attorney representing
such wife which sum for attorney fee shall be pay-
able direct to said attorney and the order for same
shall be in the name of said attorney, when such
divorce has been granted or refused."

It is the theory of the relators that this provision of
the statute placed an absolute duty upon the trial judge
to make an allowance in their favor for the
services rendered by them for the wife in said
divorce proceeding. It is to be noted that in
prescribing the duties of the court the statute uses the
word "shall," which ordinarily imports an imperative,
rather than a directory, obligation. *State, ex rel.* v.
*Meeker* (1914), 182 Ind. 240, 105 N. E. 906. Notwith-
standing the positive language of the statute, we are of
the opinion that it must have a liberal and practical
construction. It is conceivable that cases may arise
where a wife and her attorney, for reasons best known
to them, may not wish to have an order against the
husband for attorney's fees. It could hardly be con-
tended that they would be required to accept the benefits
of the act, which are solely for their use, against their
desires. It may also be observed that the statute con-
templates that the fee which shall be allowed in favor
of the wife's attorney shall be reasonable. There may
be instances where the financial situations of the parties
are such that any allowance against the husband would
be unreasonable and unjustified. There must therefore
be read into the language of the statute a proviso to
the effect that the court shall make the order provided
for if a timely and proper application or petition is

presented and the facts justify an allowance. This seems imperative in view of another provision of the statute, which directs that an allowance shall be made for the reasonable expenses of the wife in the prosecution or defense of her cause of action. Manifestly, the court could not know what said expenses amounted to or, indeed, if any had been incurred, unless some showing was made. It is a fundamental rule of the law of pleading and practice that a party claiming relief shall present the issue to be tried in such a manner as to invoke the jurisdiction of the court and advise the adverse party as to the nature of the demand, so that he may have an opportunity to meet the proof that may be offered to establish it.

In the present case there is no showing that any application or petition for an allowance of attorneys' fees was presented. The action of the trial court in refusing to reopen the case to hear evidence as to the value of said services was a matter of discretion which is not here for review. The refusal to vacate the judgment and modify the decree was justified in the absence of some showing that an allowance for the attorneys had been demanded.

Relators urge that if their petition is denied they will be left without a remedy. The record discloses that an appeal was prayed. Whether they have such an interest in the judgment as will authorize them to appeal will be determined if they undertake to perfect their appeal.

The petition for writ of mandate is denied.

NOTE: Reported in 25 N. E. (2d) 642.