POPPE v. POPPE.

[No. 17,170. Filed January 19, 1944.]

*George Sands,* South Bend, for Appellant.

*Charles W. Bingham,* Mishawaka, for appellee.

CRUMPACKER, C. J.—In this action issues were joined in the court below on the appellant's complaint and the appellee's cross-complaint, by which respective pleadings each of the parties hereto seeks an absolute divorce from the other. A trial was had to the court as the result of which there was a general finding for the

appellee on her cross-complaint and judgment rendered decreeing a divorce and giving her custody of the minor child of the parties until further order. Said judgment also establishes ownership in the appellee of all household equipment and furniture in possession of the parties, grants alimony to the appellee in the sum of $1,850, and orders the appellant to pay $15.00 per week for the support of said minor child. By proper motion the appellant sought the modification of this judgment in respect to the ownership of the household goods, the amount of the alimony, and the weekly allowance for the support of the child. Upon the overruling of this motion the appellant asked for a new trial which motion was also overruled and thereupon this appeal was taken assigning as error: (1) The overruling of his motion to modify the judgment in reference to the ownership of the household goods; (2) the overruling of said motion in reference to the support money; (3) the overruling of said motion in respect to the amount of alimony; and (4) the overruling of his motion for a new trial. The motion for a new trial assigns the same error charged in specifications (1), (2), and (3) above together with the additional allegations that the decision of the court is not sustained by sufficient evidence and is contrary to law. It will be noted that no question is raised as to the propriety of the court's action in decreeing a divorce and, as the first alleged error, assigned both independently and in the motion for a new trial, has been specifically waived, the appellant's position in this appeal resolves itself into the sole contention that in view of his financial status and ability to earn money, as disclosed by uncontroverted evidence, both the alimony and weekly allowance for the support of his minor child are so

grossly excessive as to amount to an abuse of judicial discretion.

Section 3-1219 Burns' 1933, § 928 Baldwin's 1934, provides that, "The court, in decreeing a divorce, shall make provision for the guardianship, custody, support and education of the minor children of such marriage." and in reference to alimony the statutory law is as follows: "The court shall make such decree for alimony, in all cases contemplated by this act, as the circumstances of the case shall render just and proper; . . . " Section 3-1217 Burns' 1933, § 926 Baldwin's 1934. Judicial construction of these statutes over a period of many years has thoroughly committed the courts of Indiana to the rule that the determination of the amount of alimony to be allowed to a wife and the amount a father shall be required to pay for the support of a minor child rests in the sound discretion of the trial court, and the trial court's judgment in that regard will not be disturbed on appeal unless an abuse of such discretion is clearly shown. *Dissette* v. *Dissette* (1935), 208 Ind. 567, 196 N. E. 684; *Cornwell* v. *Cornwell* (1940), 108 Ind. App. 350, 29 N. E. (2d) 317; *Ralston* v. *Ralston* (1942), 111 Ind. App. 570, 41 N. E. (2d) 817; *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350; 35 N. E. (2d) 114; *Miller* v. *Miller* (1929), 90 Ind. App. 359, 168 N. E. 881; *Watson* v. *Watson* (1906), 37 Ind. App. 548, 77 N. E. 355; *Gussman* v. *Gussman* (1895), 140 Ind. 433, 39 N. E. 918.

The Supreme Court in *Yost* v. *Yost* (1895), 141 Ind. 584, 41 N. E. 11, specifically designates the proper elements in a case for divorce to be considered by a trial court in arriving at a just decree in the following language:

"For the purpose of determining what amount, if any, shall be adjudged against the husband, in a particular case, the court has a right, and it is its duty, to inquire into the condition of each party to the action and ascertain the amount of property owned and held by the husband at the time, the source from whence it came, how accumulated, and whether or not the wife, by her industry and economy, has contributed to the accumulation of the same; the ability of the husband to pay, by reason of his financial status; his income, his ability to earn money, or inability to do so by reason of old age, ill health or other causes, and, upon a full investigation of these matters, and others that may arise and are germane to this issue, make such an allowance as will be just and proper."

It has also been held that in fixing the amount of alimony, the court may consider the misconduct of the husband and the wrongs perpetrated by him on his wife. *Ifert* v. *Ifert* (1868), 29 Ind. 473; *Gussman* v. *Gussman, supra; Rariden* v. *Rariden* (1904), 33 Ind. App. 284, 70 N. E. 398; *Glick* v. *Glick* (1927), 86 Ind. App. 593, 159 N. E. 33; *Miller* v. *Miller, supra.*

It is obvious that in considering the present case on the question of an alleged abuse of judicial discretion by the trial court a review of the evidence is necessary. In support of its decision the court had before it evidence of the following facts: The parties were married on June 14, 1933, separated on June 20, 1942, and have one child, Donald, now nine years of age. At the time of their marriage the appellee had $1,100 in cash, a Ford automobile fully paid for and was steadily employed at a wage of $20.00 per week. During six of the nine years of her married life the appellee worked in various capacities for several employers and earned during that period approximately $7,500, all of which she contributed to the

maintenance of the family home and to the comfort of her husband, her child and herself. At the time of his marriage the appellant had no money or property of any kind. He was employed in his father's store where he received from $10.00 to $17.00 per week for his services. Later he was employed by W. P. A. at $30.00 per week and during the years 1939, 1940 and part of 1941 he worked at the Bendix plant in South Bend for $36.00 per week, and in the latter part of 1941 he was promoted to a job paying $65.00 per week which job he still holds and which sum he is still receiving.

With the money she had when married the appellee purchased the furniture with which the parties went to housekeeping at a cost of $500. Later they bought a house in Mishawaka, valued at $4,000, upon a land contract calling for a down payment of $500 of which each furnished $250. Six payments of $40.00 per month were paid on this contract to which both contributed equally, and eventually they took title by entireties with a mortgage back for the unpaid balance of the purchase money. Most of the payments on this mortgage were made by the appellee and, at the time of the divorce, the principal amount thereof had been reduced to $2,250. About six months after their marriage the appellee advanced to the appellant the sum of $450 with which to engage in the filling station business. This venture was unsuccessful and, when the station was sold, the appellee got back but $200 of her money. She then loaned the appellant $50.00 with which to make a trip to Florida in search of employment, which sum he never repaid. This was in the depression years and the appellant's employment was intermittent. He was unable to support his wife and child, and the sit-

uation resulted in a temporary separation of the parties for a period of about two years during which time the appellant contributed but $3.00 per week to his family's needs. During this period almost the entire burden of caring for herself and child rested upon the appellee. After the purchase of the house above mentioned the appellant spent about $175 for materials with which to make needed repairs, and the work involved he did himself. He contributed to the support of his mother regularly after gaining steady employment and furnished $550 toward the purchase of a lot and small house for her use. Shortly after marriage he traded the appellee's automobile to a dealer as part payment on a new one, title to which he took in his own name, and since then he has had four automobiles, all of which he paid for except that for the last one, which he now has, the appellee furnished $100 of the purchase money. At the time of the divorce the appellant owned an undivided one-half of the equity in the Mishawaka house which interest is valued at $950, a net interest in an automobile estimated at $568, government bonds of the value of $187.50 and cash in the bank in the sum of $212.67. The appellee had nothing except her interest in the house and the household furniture. As to the appellant's conduct, it is sufficient to say that it was such as to lead the appellee to justifiably believe that in the years of his comparative prosperity he was frequently engaged in affairs with other women in the course of which, "unless human nature was at fault or deductive reasoning fallacious," he was guilty of occasional adulteries.

On the above facts the appellant insists that the court abused its discretion in awarding the appellee $1,850 alimony and $15.00 per week for the support of his nine-year-old son. His position is summarized in the

contention, urged with considerable feeling and emphasis, that out of a total worth of $1,918.17 he is compelled to pay the appellee $1,850 and go hence with $68.17 in his pocket and a $15.00 per week obligation over his head.

With a yearly income of $3,380, and no further financial obligation to the appellee, we cannot see that an allowance of $15.00 per week for the care, education and support of his minor child even remotely approaches or vaguely savors of an abuse of judicial discretion. As to the alimony, it is very evident that the trial court took into consideration the source from which the property owned by the parties came, the fact that appellee worked steadily and contributed her earnings and savings to the home and the maintenance of the marriage status, the fact that in the early years of their married life the husband's employment had been uncertain and for a period of almost two years the appellee supported herself and child with little assistance from the appellant. It is further evident that the trial court considered the fact that much of the appellant's income had been spent in the purchase of automobiles, the support of his mother, and the purchase of a house for her use. This latter fact is not mentioned by way of criticism but rather for the purpose of indicating or tending to prove that the property accumulated by the parties in the greater part came from the appellee's efforts. There is ample evidence in the record to support the finding and judgment of the trial court and its broad discretion in the matter of making suitable provisions for the appellee, by way of alimony, and for the minor child of the parties, by way of weekly allowance, cannot be disturbed on appeal in the absence of a clear showing that such discretion has

been abused. We find nothing in the record that warrants us in so holding.

Judgment affirmed.

NOTE—Reported in 52 N. E. (2d) 506.