## BAHRE v. BAHRE.

[No. 20,105. Filed November 22, 1965. Rehearing denied March 8, 1966. Transfer denied January 30, 1967.]

*Harold M. Stitle, Jr.,* and *Albert W. Ewbank,* of Indianapolis, and *Richard L. LaGrange,* of counsel, all for appellant.

*Sidney A. Horn, Paul Rochford, John J. Rochford, Paul E. Blackwell,* and *Frank W. Morton,* all of Indianapolis, *Ivan Pogue* and *Pogue & Pogue,* of Franklin, all for appellees.

CARSON, J.—This is the second appeal in this case and comes to us from the Johnson Circuit Court. In the first appeal Rosemary Bahre was the appellant and George Bahre was the appellee. As a result of that appeal this court noted that no question was raised concerning the action of the trial court in granting the divorce and allowing attorneys' fees and entered an order reversing as to alimony and support. The pertinent provisions of our first opinion are as follows:

". . . we are compelled to arrive at the conclusion that the trial court did not exercise proper judicial discretion, and therefore committed error, under the uncontroverted evidentiary facts in the record now before us, *Yost* v. *Yost*, *supra; Glick* v. *Glick, supra.* As was said in the Yost case (at page 591, 592 of 141 Ind., at page 13 of 41 N. E.) :

'We do not think, under the facts, and within the meaning and spirit of the law, it was "just and proper" for this court, upon decreeing a divorce to appellant on account of the wrongs of appellee, to bid her depart from the forum of justice with the small amount in controversy as the sum total to be allowed in her favor.'

For the same reasons, we declare there was an abuse of discretion in the order entered for the support of the minor children.

The decision of the trial court granting an absolute divorce and allowing attorneys' fees not having been questioned we find it unnecessary under the facts of this case to disturb that part of the judgment; but in so far as it grants alimony and support payments, the judgment is reversed, with instructions to grant a new trial."

As a result of our order of remand the trial court did conduct a new trial which resulted in the decision from which this appeal is taken.

We must determine whether or not the scope of the decision of this court in reversing and remanding the first cause for new trial was sufficiently broad as to place before the trial court the question of the division of property between the parties as well as alimony and support payments. In determining the scope of the word alimony as it applies to

decisions in Indiana we think it necessary to consider the statutes on alimony in Indiana as adopted by our legislature. These statutes being Burns' § 3-1217 and § 3-1218, 1946 Replacement:

"3-1217 [1110]. Alimony.—The court shall make such decree for alimony, in all cases contemplated by this act, as the circumstances of the case shall render just and proper; and such decree for alimony, heretofore made or hereafter made, shall be valid against the husband, whether asked for in the petition or given by the judge on default."

"3-1218 [1111]. Alimony—Entry of judgment—Method of payment—Effect upon real property.—The Court shall *fix the amount of alimony and shall enter judgment for such sum, and specify the character and method of payment,* which in his discretion he deems to be just and proper under all the evidence, including any valid separation agreement which may have been introduced into evidence. In determining the character of the payments of the alimony *the court may require it to be paid in money, other property, or both,* and may order the transfer of property as between the parties, whether real, personal or mixed and whether title at the time of trial is held by the parties jointly or by one of them individually . . ." (Our emphasis)

In disposing of this appeal we may summarize the specifications in the appellant's motion for new trial under the following general propositions: Specifications 1, 2, 3, 4, 5, 7 and 8 are generally an attack upon the award of alimony and support by the court in the second trial specifying that the findings and decision of the court is not sustained by sufficient evidence and is contrary to law and that the amount of alimony awarded is erroneous. Specifications 6, 9, 12, 13, 14, 15 and 16 deal with the general proposition that the trial court erred in including in its judgment in the second trial the adjustment of personal and real estate property rights between the parties and which appellant contends resulted in an excessive award to the plaintiff below, appellee herein. Propositions 17 and 18 deal with the awarding of attorneys' fees in connection with the preparation of the cause for

re-trial and fees of the attorneys on appeal. Propositions 10 and 11 deal with the failure of the trial court to credit alimony payments previously made in the amount of $8,800.00 paid under the previous order and credits of $18,200.00 for temporary alimony paid pursuant to the court's order of September 19, 1958.

The appellant in the argument portion of his brief has not discussed the points under exactly the same grouping that we have used nor in the order in which we have grouped them. It is apparent however from the appellant's brief that he has attempted to and does present argument with respect to all of the propositions contained in his motion for a new trial and therefore none of the points are waived. We shall dispose of the points in the order in which we have grouped them in this opinion.

A careful examination of the appellant's brief causes us to conclude that the evidence is in conflict, and under the rule that we will not weigh the evidence we find no basis for consideration of the assignment that the finding and decree of the court are not sustained by sufficient evidence. Under the assignment that the finding and decree of the court are contrary to law, we are required to consider the evidence most favorable to the appellee and all reasonable inferences which may be drawn therefrom and determine whether or not reasonable minded men would have arrived at a different result. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, and *Hinds, Executor etc.,* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553.

The next group of assignments in the motion for new trial raise the general question of the right of the trial court to decide matters with respect to property rights both real and personal, contending that such action by the trial court was outside the scope of our order of remand entered in the previous appeal. In order to determine

this question we must re-examine our order of remand and the statute of the State of Indiana with respect to alimony as herein before set out.

We call attention to the specific language of this court at the time the cause was reversed and remanded. In the last paragraph of that opinion we find the following language:

"But insofar as it grants alimony and support payments the judgment is reversed with instructions to grant a new trial."

To us the foregoing language is clear and explicit. We conclude therefore that the portion of the judgment of the trial court in the second trial purporting to change the previous award with respect to the disposition of personal and real property went beyond the obvious intent of our order in the previous appeal. Therefore that part of the judgment which re-decided the disposition of real and personal property is in our opinion contrary to law and should be reversed. The trial court should be instructed to enforce its judgment contained in the first trial of the action with respect to the property rights of the parties.

We come now to consideration of the point raised by the appellant to the effect that the trial court did not allow credit for the alimony and support payments previously made under the trial court's order. We do not find that any request for special findings of fact with reference to these two items was made by the appellant in the trial below. Further the evidence with respect to the earnings of the husband and the value of the property owned by both parties was in conflict, we can only conclude that the trial court had these matters in consideration at the time of the entry of the alimony judgment in the second trial, and it is not up to us to weigh the evidence and resort to conjecture to determine whether or not these items were considered by the trial court. The burden rests upon the appellant to demonstrate to this court by cogent argument from the record

those errors upon which he seeks reversal. In our opinion, he has not sustained the burden with respect to these two propositions.

The final points which we are called upon to consider deal with the awarding of attorney's fees in connection with the preparation of the cause for re-trial and the preparation of the appeal. It has long been recognized by our Supreme Court that it is within the sound discretion of the trial court to allow a wife the expenses of the suit and attorney's fees *pendente lite*. Our Supreme Court has indicated that such allowance covers expenses and attorney's fees for work at the trial level and the preparation of the appeal. In the absence of a clear abuse of discretion by the trial court we will not disturb the award of the trial court. The general subject of allowance of counsel fees and expenses in divorce cases has been very ably discussed in 10 I. L. E. § 122, p. 627 *et seq*. The general law is discussed, and citations to the statute and to the case law are very well annotated to the text material.

For the reasons herein before set out we affirm that part of the decision of the trial court in the second trial of that action with respect to the allowance of alimony and attorneys' fees. With respect to that part of the decision of the trial court in the second trial changing and re-adjuncting the property rights of parties the same is reversed and the trial court is directed to re-enter its judgment rendered in the first trial of said action fixing the property rights of the parties in the real and personal property consistent with this opinion.

Judgment affirmed in part and reversed in part.

Prime, P. J., and Faulconer, J., concur.*

Wickens, J., not participating.

NOTE.—Reported in 211 N. E. 2d 627.

---

* While Judge Martin participated in the hearing of oral argument and a conference of the judges above named, he was not present at the time of, and did not participate in, the adoption of this opinion.