### BECKER v. BECKER.

[No. 20,204. Filed June 3, 1966. Rehearing denied September 8, 1966. Transfer denied November 1, 1967.]

*Probst & Probst,* of Kendallville, for appellant.

*Howard S. Grimm, Jr., Edgar A. Grimm, Grimm & Grimm,* of Kendallville, for appellee.

PRIME, J.—Appellant, plaintiff below, filed her complaint for an absolute divorce, custody of a minor child, support for said child, and that she be adjudged absolute owner of all real estate and various personal property belonging to both parties. The appellee, in a cross-complaint, demanded a divorce, custody of the minor child, and that he be adjudged as tenant in common owner with appellant, of the above mentioned real estate, at that time held solely in the name of appellant. Appellant answered in denial through her reply.

Trial was had without jury, and on January 15, 1964, the trial court entered judgment awarding appellant a divorce, custody of said minor child, certain personal property, and the real estate, subject to a $2000 lien in favor of appellee.

To this judgment appellant filed, on January 17, 1964, a motion for new trial. On January 24, 1964, appellant withdrew her motion for new trial, and on January 27, filed a motion to modify the court's judgment. On January 29, appellant refiled her motion for a new trial.

On February 14, 1964, the court, on its own motion, withdrew its decree of January 15, 1964, and substituted a new decree and judgment on the issues. The new judgment was basically the same as the prior one, with the exception of the treatment afforded the above mentioned real estate. The record discloses that the realty in question—the dwelling of the appellant and appellee—was held free of any encumbrances, and had a value of $10,000. In its second judgment, the court ordered the realty conveyed by appellant to a commissioner, to be reconveyed to appellant and appellee, as tenants in common, with a $3,000.00 lien against appellee's interest, to run in favor of appellant.

On February 29, 1964, appellant filed a second motion for new trial, the overruling of which we shall consider on this appeal.

On June 1, 1964, the appellant filed her transcript accompanied by an assignment of errors, alleging six separate errors below; and on October 30, 1964, this court, through its Chief Justice, granted appellant's application for writ of certiorari for the purpose of a supplemental transcript and assignment of errors, which has been subsequently filed.

A brief summary of the facts, as shown by the evidence, discloses that since 1949 the appellant and appellee had suffered various marital difficulties leading finally to the present action in 1964. The transcript contains a copy of a contract entered into in 1949 by the parties by which appellee agreed that in the event that he gave appellant any future cause to file suit for divorce, he would immediately deed all his rights and interests to the dwelling, which was then

owned by the parties as tenants by the entireties, to the appellant. As consideration for this promise, the appellant agreed not to file for divorce based upon any misconduct of appellee prior to the signing of the contract. Appellee admits to having given further cause for divorce and on October 22, 1962, he deeded his entire interest in the property to the appellant, who apparently forgave appellee again, as there was no divorce at that time. Appellant and appellee then continued to live in the dwelling as man and wife until the present action.

It is our opinion that assignments of error numbered 1 through 5 are not subject to independent assignment by virtue of Rule 2-6. It therefore appears that as to the original assignment of errors, only assignment number 6, "The Court erred in overruling Appellant's motion for a new trial," is properly before this court. It further appears that appellant has waived specification number 6 of her motion for a new trial, by her failure to argue the same, and support said argument with the authorities relied upon.

The balance of the argument portion of appellant's brief is directed to specification 1 and 2 of her motion for new trial, and to the questions raised in appellant's supplemental assignment of errors. We will first direct our attention to the questions properly raised by the motion for new trial.

Appellant, in specification 1 and 2 of said motion, contends that the decision of the trial court setting aside the 1962 conveyance and establishing a right of the appellee in the real estate is not only not sustained by sufficient evidence, but is contrary to law; and thus has grouped her arguments pertaining to these two causes. Appellant has cited numerous cases to the effect that appellee had a legal right to convey his entire interest in the property, to his co-tenant by the entireties, and that the 1962 conveyance was valid and binding.

With the above contention we must agree, as does the

appellee in his brief; however, appellant also declares that the trial court, in re-conveying the property to the appellee as tenant in common with the appellant, has clearly abused its discretion in violation of Burns' Indiana Statutes, 1946 Repl., § 3-1227. This declaration clearly requires a search of pertinent authorities.

Burns' Indiana Statutes, 1946 Repl., § 3-1227, provides as follows:

> "A divorce granted for misconduct of the husband shall entitle the wife to the same rights, so far as her real estate is concerned, that she would have been entitled to by his death."

Appellant argues that if the appellee-husband had died none of the real property would have gone into his estate because the deed was in her name only, therefore, the court has used this allegedly illegal ruse to award alimony to a wrongdoing husband and in so doing is in violation of the above statute. Appellant further argues that property conveyed by deed under the circumstances present in this cause should be excluded from consideration by a divorce court when determining the extent of the marital estate and settling the rights of the respective parties herein. Appellant has acknowledged the existence of Burns' Indiana Statutes, 1946 Repl., § 3-1218, but has attempted to show, through numerous cases, that it is not intended to be applied in a situation of this type. The pertinent portion of said statutes is as follows:

> "In determining the character of the payments of the alimony the court may require it to be paid in money, other property, or both, and *may order the transfer of property as between the parties, whether real, personal or mixed and whether title at the time of trial is held by the parties jointly or by one of them individually.*" (Emphasis added)

It is our opinion when viewing this statute that it clearly applied. It appears from the record that the court below very properly attempted to weigh the parties' past contributions

to the marital estate and their present earning power; and thereby make an equitable division of all property.

The cases are numerous holding that when adjusting property rights between the parties, the trial court has broad discretionary powers which will be curtailed only upon a showing of an abuse of such discretion. *Tomchany* v. *Tomchany* (1922), 134 Ind. App. 27, 31, 185 N. E. 2d 301; *Draime* v. *Draime* (1961), 132 Ind. App. 99, 173 N. E. 2d 70; *Seward* v. *Seward* (1956), 126 Ind. App. 607, 134 N. E. 2d 560. We have found no evidence of such an abuse.

Appellant next turns her argument to her supplemental transcript and assignment of errors. Said assignment alleges three errors below, to-wit:

(1) That the court erred in failing to grant the petition of the appellant asking for suit money, support and temporary alimony.

(2) That the court erred in overruling the appellant's petition for review and for modification of his order, which order was entered October 8, 1964.

(3) That the court erred in overruling the motion of the appellant asking said court to vacate his said ruling made on October 8, 1964, because the decision of said court was not sustained by sufficient evidence, and also said decision was contrary to law.

The record discloses that appellant filed a petition below for temporary alimony, attorney fees and costs on appeal. The trial court denied said petition and later denied her petition to reconsider. It is upon these denials that appellant has based the balance of her argument. Appellant relied upon the pertinent part of Burns' Indiana Statutes, 1946 Repl., § 3-1216, as set out below:

"Pending a petition for divorce, the court, or the judge thereof in vacation, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper and such orders relative to the expenses of such suit and attorney fees as will insure to

the wife an efficient preparation of her case and a fair and impartial trial thereof."

She has also correctly cited numerous cases holding that the court, within its sound discretion, has the power to so award an allowance to the wife.

We believe that the controlling law in this instance was previously reiterated by the Supreme Court in *Bitner* v. *Bitner* (1950), 228 Ind. 259, 263, 91 N. E. 2d 169:

> "It is also the law that in a divorce proceeding if the wife has either funds or credit sufficient for the purposes of her defense and her present support it is improper for the court to require the husband to furnish money for such purposes pending the litigation. (And cases cited)

and further, *State ex rel., Sims* v. *Hendricks C.C., et al.* (1955), 235 Ind. 446, 134 N. E. 2d 211:

> ". . . 'Whether there was *necessity* for such an allowance, or for temporary alimony is a question *within the sound discretion of the trial court,* . . .' " (And cases cited) (Emphasis added).

When considering the evidence disclosed in the supplemental transcript in view of the above, we find the following: the appellant received property valued at several thousands of dollars, including one-half interest in a house valued at $10,-000.00; and all household goods, furniture, fixtures, etc. Further, appellant testified that she is regularly employed, presently occupying the residence contemplated in the decree and in which appellee was given one-half interest, subject to a lien in favor of appellant. In addition, it appears that appellee is current in his payments of $15.00 per week, is paying obligations which the trial court ordered the appellant to pay from a $1600.00 fund included in the marital estate, and is paying a monthly bill on household fixtures which the court had ordered the appellant to pay. Additional testimony in the transcript indicates that appellee makes an average weekly income of approximately sixty to seventy dollars per week.

In light of the above, we can find no abuse of discretion. Judgment affirmed.

Carson, J., and Wickens, P.J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 216 N. E. 2d 849.