### LOIS LIPNER *v.* MEYER L. LIPNER.

[No. 370S40. Filed March 12, 1971. Rehearing denied April 28, 1971.]

*Eugene M. Feingold, Wilson, Benne, Feingold & Donnersberger,* of Hammond, for appellant.

*Robert A. Lucas, James J. Nagy, Lucas, Clifford & Wildermuth,* of Gary, for appellee.

GIVAN, J.—This appeal is taken from a final judgment ordering the appellee to contribute to the cost of a college education for one of his three minor children.

The record discloses the following facts:

On July 27, 1967, the appellant, Lois Lipner, was granted a divorce from the appellee, Meyer L. Lipner. At the time of the divorce the appellant received title to their real estate valued at $55,000. She also received a property settlement judgment in the amount of $30,000 payable at the rate of $416 per month. It was shown by the evidence that the appellant earned $130 per week.

The evidence further established that the appellee earns in excess of $50,000 per year. The original order for support ordered appellee to pay $500 per month to the appellant for support of their three minor children.

In September, 1968, the appellant filed a petition for modifi-

cation of the support decree for the reason that the parties' oldest daughter would be attending college having made application to the University of Miami at Coral Gables, Florida, and having been accepted by the university. A modification was granted, which reads in pertinent part as follows:

\* \* \*

"1. That the Plaintiff is entitled to an additional allowance for the maintenance, support and education of the children of the parties in the sum of $50.00 each month, for 10 months of each year, beginning September 1, 1969, to and including June of each year, so long as Andrea Lipner is a full time college student and until said child reaches the full age of 21 years, or upon completion of the requirement for a Baccalaureate Degree, or is married, whichever accrues first. . . ."

It is from this decree which the appellant now appeals.

Appellant contends that the trial court erred in failing to assess any recovery to cover the expenses of the daughter's freshman year at school. As pointed out the petition was filed in September, 1968. The decree was not granted until August, 1969, after the daughter had completed her freshman year. The statute in question reads as follows:

Burns Ind. Stat., 1968 Repl., § 3-1219:

"The court in decreeing a divorce shall make provision for the guardianship, custody, support, and education of the minor children of such marriage; and the court may require the father to provide all or some specified part of the cost of education of such child or children beyond the twelfth year of education provided by the public schools, taking into consideration the earnings of the father, the station in life of the parents and child or children involved, the aptitude of the child or children as evidenced by school records, the separate property of the child or children, and all other relevant factors: Provided, That the jurisdiction over the child or children shall remain in the court at all times during the child's or children's minority and shall not be lost because of the death of either parent. [Acts 1873, ch. 43, § 21, p. 107; 1961, ch. 170, § 1, p. 380; 1965, ch. 57, § 1, p. 88.]"

It is clear from the above statute that it is within the sound discretion of the trial court as to whether or not a father will be required to provide all or some of the cost of a college education for a child. It is for the trial court to consider all of the relevant factors and render his decision accordingly. *Dorman* v. *Dorman* (1968), 251 Ind. 272, 15 Ind. Dec. 520, 241 N. E. 2d 50. In the instant case there was ample evidence before the trial court to indicate sufficient funds available to the mother and the daughter attending college from which the trial court could reasonably find that there was no equitable reason why he should require any payment for the past year. In reviewing the decision of the trial court, this Court will not weigh the evidence. If there is any substantial evidence to support the finding of the trial court it must be affirmed. *Winkler* v. *Winkler* (1969), 252 Ind. 136, 17 Ind. Dec. 240, 246 N. E. 2d 375. We hold that the trial court did not err in failing to assess any recovery for the daughter's freshman school year.

Appellant next contends that the trial court erred in increasing the amount of support to be paid for all three children rather than making a specific provision for an award for the cost of education of the child attending college. In view of the previously cited authorities, we cannot say that the trial court committed error on this point. The appellant asked for an increase in support to be used to aid in obtaining a college education for one of the three children. The trial court had ample evidence before it from which it could reasonably conclude the appellant was a responsible person who would use any increase obtained by this petition for its stated purpose. The form of the court's decree falls within the discretion allowed by the statute. This Court will not substitute its judgment for that of the trial court. *Winkler* v. *Winkler, supra.*

Appellant next claims an abuse of discretion on the part of the trial court in giving an award of such a minimal amount

considering the cost of education and the amount of income of the appellee. Here again it was within the province of the trial court to hear and to weigh the evidence. We see no abuse of discretion. The statute specifically states:

". . . the court *may* require the father to provide *all* or *some* specified part of the cost of education. . . ."

Certainly the trial court in fixing the amount could consider all other factors including property settlement and the amount of support then being paid. Under the above cited authorities, we will not weigh such evidence in this Court.

Appellant next claims the trial court erred in sustaining objections to all questions whereby appellant attempted to elicit information as to the life style of the appellant and appellee and their family prior to their divorce. However, the appellant failed to make any offer to prove which is required when an objection is sustained to a question asked on direct examination. See T.R. Rule 43(C). This requirement was also in effect prior to the present rule. See *Isenhour* v. *Speece* (1958), 238 Ind. 293, 150 N. E. 2d 749; *Kavanagh* v. *Butorac* (1966), 140 Ind. App. 139, 9 Ind. Dec. 538, 221 N. E. 2d 824.

The appellant next claims the trial court erred in refusing to award reasonable attorney fees to the mother. It is true as claimed by the appellant that the trial court had the inherent power to make such an award. *Crowe* v. *Crowe* (1965), 247 Ind. 51, 6 Ind. Dec. 688, 211 N. E. 2d 164. However, it is quite another thing to say the trial court committed reversible error when it refused to grant the attorney fees which it might at its own discretion have granted. Here again the trial court had all of the facts concerning the economic condition of the parties and the prior orders of the court with regard to their divorce. Under the above authorities we cannot say the trial court erred in refusing to grant attorney fees to the appellant.

The trial court is in all things affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 393.