REBECCA DELONG *v.* ROBERT DELONG.

[No. 2-673A131. Filed August 15, 1974.]

*Donald K. McCart, Jr.,* of Indianapolis, for appellant.

*John W. Pearce,* of Noblesville, for appellee.

SULLIVAN, P.J.—This appeal is occasioned by a series of proceedings in the Superior Court of Hamilton County.

In September 1969, appellee (Husband) was granted an absolute divorce from appellant (Wife). The terms of the divorce decree awarded custody of the three minor children— Ellen (born 9-22-52), Bonney (born 8-27-54), and Valerie (born 2-28-60)—to the Wife, and Husband was ordered to pay a total of $400.00 per month in child support.[1] The decree thus contemplated annual support payments totalling $4800.00. Within two weeks of the decree, Husband and Wife, submitted, and there was granted, a Joint Petition to Modify whereby custody of the children was given to Husband and the support order was dissolved.

In November of 1970, Wife, by Petition to Modify the Decree, sought to again obtain custody of the children. The court, on November 5, 1970, granted custody of the children to Wife, and ordered Husband to pay monthly support of $266.67 for Bonney and Valerie and annual education expenses and support of $3519.00 for Ellen. Therefore, Husband's total annual obligation was $6719.04 pursuant to this order.

---

1. The divorce decree also contained provisions for the equitable division of real and personal property. These provisions are not here in dispute.

In July, 1972, Husband filed a Petition to Modify the Decree seeking a reduction in support for Bonney who was commencing her college education at Earlham College in Richmond, Indiana. In August of 1972, Wife counter-filed a Petition for Contempt Citation and Modification of the Decree alleging failure by Husband to make all support payments and education expense payments for Ellen, and seeking incremental adjustments in support for general cost of living expenses and educational expenses for Bonney and Ellen. Additionally, Wife sought a "one-time" payment of $1000.00 in order that Ellen might purchase an automobile for transportation to school. In sum, Wife sought to maintain monthly support of $133.34 for Valerie, and to obtain an annual college expense and support award of $1831.00 for Bonney[2] and $3050.00 for Ellen.[3] Thus, the total annual obligation contemplated was $6461.08.

At trial a number of facts come to light which were susceptible to formulation of the court's ruling:

(1) Ellen had transferred from Hillsdale College to I.U. P.U.I. where the tuition expense was approximately $365.00 per semester.

(2) Ellen had secured educational loans (National Defense Student Loans) in the sum of $1200.00 and Bonney secured a similar loan in the amount of $400.00 Payment on these loans are deferred until nine (9) months following college graduation or other cessation of academic studies.

(3) Both Ellen and Bonney were excellent students, and, through academic industry, had obtained superior grades.

(4) Wife, with similar industry, was nearing completion

---

2. A portion of this figure represents a proportionate expense allocation for maintaining Wife's home during the academic school year for Bonney. The apparent theory underlying this request is that Bonney will spend a portion of the school year at Wife's home, i.e., week-end visits, holiday vacations, etc.

Additionally, another portion of the figure represents the difference between total annual expenses of $4200.00 at Earlham College and total annual scholarships and grants of $3329.00 awarded Bonney.

3. The lower college expense of Ellen is occasioned by the fact that Ellen transferred from Hillsdale College to Indiana University-Purdue University at Indianapolis (I.U.P.U.I.) effective fall semester, 1972. This transfer enabled Ellen to live with Wife and commute daily to school.

of her undergraduate studies at I.U.P.U.I. and ready to assume an occupation in life. During this period, Wife had engaged in various employments, part and full time, in order to meet the total family needs.

(5) Both Ellen and Bonney regularly worked during their summer vacations in order to defray some of their expenses.

(6) Husband's gross income had increased from over $22,000.00 in 1969 to over $25,000.00 in 1972.

(7) Husband, in 1970, had remarried, and thereby, acquired a "new" and existing family of five children. Further, the Husband's second wife received a total of $20.00 per week support for all five of her children; and, at the time of trial, appellee and his second wife were expecting a child of their own.

The court's judgment here appealed was entered January 26, 1973. It granted Husband's Petition to Modify and denied Wife's. Husband was required to pay $133.33 per month for the total support of Valerie; and the tuition of Bonney and Ellen, not to exceed $365.00 per semester per child; and books and supplies for Bonney and Ellen, not to exceed $65.00 per semester per child; and a food allowance of $245.00 per semester per child. Graphically, and for purposes of clarification, the court's order may be translated into annual maximum payments as follows:

| | | |
|---|---|---|
| (a) | Valerie—$133.33 x 12 months | $1,599.96 |
| (b) | Bonney | |
| | $730.00 Tuition at Earlham | |
| | 130.00 Books and Supplies | |
| | 490.00 Food Allowance | 1,350.00 |
| (c) | Ellen | |
| | $730.00 Tuition at IUPUI | |
| | 130.00 Books and Supplies | |
| | 490.00 Food Allowance | 1,350.00 |
| Total Annual Obligation | | $4,299.96 |

The court also ordered:

". . . that in the event any of the costs for tuition, costs for school books and related supplies, and/or board or food costs are covered, discharged, paid, or are non-existent because of the obtaining of any scholarship or scholarships for or by either Ellen DeLong or Bonney DeLong, then

Plaintiff is not required to pay for any expense or item otherwise ordered herein which is covered, discharged, paid, or is non-existent because of such scholarship or scholarships; . . ."

Further, the court ordered that Husband's obligation to provide support and college expenses terminate automatically upon each child reaching age twenty-one (21); that such obligation for educational expenses was effective only two semesters of each academic school year, and that Husband pay $100.00 to Wife's attorney for attorney's fees.

Wife timely filed her Motion to Correct Error which was overruled on March 14, 1973. On March 26, 1973, Wife filed a Petition for Funds with Which to Prosecute an Appeal and For Funds and Waivers for Said Purpose to Allow the Prosecuting of Said Appeal as an Indigent or Poor Person. This self-styled petition sought to require Husband to pay the expense—including attorney's fees, record and transcript costs, clerk's costs, filing fees, and preparation of briefs—of Wife's appeal.

The court heard evidence with respect to the parties' relative financial ability to pay appeal expenses, declared Wife to be financially unable to provide appeal costs, but denied her petition. Wife then filed a Motion to Correct Errors directed to that ruling which the trial court overruled.

Both causes have been consolidated in this one appeal.

The contentions presented are as follows:

(1) That the court's ruling granting Husband's modification petition and denying Wife's petition was excessive and unnecessary, contrary to law, and contrary to the evidence.

(2) That the court's ruling on Wife's Petition for Contempt was contrary to law and contrary to the evidence.

(3) That the court's order on the petition for modification is vague, uncertain, and incapable of performance.

(4) That the award of $100.00 for attorney's fees is contrary to the evidence, and constitutes an abuse of discretion.

(5) That the trial court erred in denying her Petition for Funds With Which to Appeal.

## I
## TRIAL COURT RULING ON PETITIONS TO MODIFY WAS NEITHER AN ABUSE OF DISCRETION NOR CONTRARY TO LAW OR EVIDENCE

Appellant-Wife asserts that the trial court erred in granting appellee-Husband's Petition to Modify and in denying her Petition to Modify. The court's order, Wife contends, is excessive in that Husband's petition requested a support adjustment as to Bonney only, whereas the court in fact, decreased the support allotment for both Bonney and Ellen. Further, Wife asserts that the court's ruling was contrary to law and contrary to the evidence. The essential question presented is the propriety of the trial court's adjustment in educational expenses for Bonney and Ellen.

The Legislature has provided statutory guidance in conferring continual jurisdiction and broad discretion in the trial courts over divorce proceedings:

"Guardianship, custody, support and education of children.—The court in decreeing a divorce shall make provision for the guardianship, custody, support and education of the minor children of such marriage; and the court may require the father to provide all or some specified part of the cost of education of such child or children beyond the twelfth year of education provided by the public schools, taking into consideration the earnings of the father, the station in life of the parents and child or children involved, the aptitude of the child or children as evidenced by school records, the separate property of the child or children, and all other relevant factors: Provided, That the jurisdiction over the child or children shall remain in the court at all times during the child's or children's minority and shall not be lost because of the death of either parent." IC 1971, 31-1-12-15 (Burns Code Ed.)

Concomitantly, the Indiana courts have consistently reiterated the nature and scope of the trial court's discretionary power in these proceedings. *Marshall* v. *Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807; *Lipner* v. *Lipner* (1971), 256 Ind. 151, 267 N.E.2d 393; *Dorman* v. *Dorman* (1968), 251 Ind. 272, 241 N.E.2d 50; *Bill* v. *Bill* (1972), 155 Ind. App.

65, 290 N.E.2d 749; *Chaleff* v. *Chaleff* (1969), 144 Ind. App. 438, 246 N.E.2d 768; *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 182 N.E.2d 434; *Smith* v. *Smith* (1953), 124 Ind. App. 343, 115 N.E.2d 217; *Poppe* v. *Poppe* (1944), 114 Ind. App. 348, 52 N.E.2d 506.

In defining the scope of the court's discretion, the *Dragoo* court stated:

". . . No settled rule can be invoked to control the discretion of the court in granting support for the children in a divorce action. . . . The amount of support is based on the necessities considering the station in life of the parties and the particular facts and circumstances in the case, including the amount of the husband's property and his ability to earn money. . . . While the discretion of the trial court in matters relative to the support of minor children in the divorce proceeding is a judicial one and subject to review, the determination of the court below will not be disturbed or interferred with on appeal unless an abuse of discretion is clearly shown. . . . In reviewing a judgment as to support of children, the reviewing court will make every reasonable presumption in favor of the acts of the trial court. (citations omitted)." 133 Ind. App. at 401-402; *See also Marshall* v. *Reeves, supra; Poppe* v. *Poppe, supra.*

With this benchmark of reviewability in mind, we turn to the specific issue of college expenses.

Wife impliedly argues that once the trial court orders a parent to provide college expenses, the court cannot thereafter decrease or cease such payments. However, both reason and law militate against such an argument. The forces of time and change require an open forum in which to contemporize court orders with the parties' change in circumstance. The legislature has granted to the trial courts continuing jurisdiction over the children of maritally disrupted homes during the children's minority. IC 1971, 31-1-12-15, *supra.* This provision grants broad discretionary power to the court, and permits the court, upon proper application, to make whatever adjustments are necessary for the welfare of the children, *Dragoo* v. *Dragoo, supra,*

including the cost of post-high school education, *Lipner v. Lipner, supra.*

In the instant case, we cannot say as a matter of law that the court's ruling was excessive and therefore an abuse of discretion. Husband's petition sought a support adjustment for Bonney only, and Wife, by her counter-petition sought an adjustment for Ellen. Wife cannot now successfully assert trial court error in adjusting Ellen's expense allowance. Moreover, the court's broad and continuous jurisdiction in the proceedings is ample justification for its decree alterations.

Wife further contends that the judgment below is contrary to law. On this point, the case of *Dorman v. Dorman, supra,* is factually similar and dispositive. In *Dorman,* appellant-father filed a petition to modify the divorce decree because two daughters had reached age eighteen (18) and had commenced undergraduate studies at Indiana University. The trial court ordered a continuation of the $40.00 per week support order during the academic school year, and a decrease to $20.00 per week during the summer vacation period. Our Supreme Court, in judicially interpreting IC 1971, 31-1-12-15 *supra,* (formerly Burns § 3-1219), upheld the trial court's judgment over appellant's contention that it was contrary to law. The *Dorman* court stated:

> "The language of Burns' § 3-1219 renders but one clear and unequivocal interpretation: The Trial Court may, within its sound discretion, require specifically, a total or partial contribution by the father to the advanced education of the minor child or children under that court's jurisdiction. As we have outlined previously, this interpretation is altogether consistent with the present judicial attitude concerning the question of college support." 251 Ind. at 278.

Similarly, we hold that a trial court may, in the proper exercise of its discretion, order a parent to provide college expenses for minor children, establish a reasonable amount for such expenses, and exert continuing jurisdiction over the minor children and the parents

so as to keep such expense amounts in conformity with changing circumstances.

Wife finally contends that the court's judgment was contrary to the evidence. The legislature and the appellate courts have provided the trial courts with suitable guidance in the exercise of its discretion. In *Dorman* v. *Dorman, supra,* the court listed a number of determinative factors, gleaned from IC 1971, 31-1-12-15, *supra,* in gauging the sufficiency of the evidence before the trial court. These factors include:

"1. The father's income;
2. The father's previous ability to make payments;
3. The income of the two daughters;
4. The scholastic ability of the two daughters; and
5. The station of life of all the parties to the litigation." 251 Ind. at 279.

Since these facts were before the trial court, the *Dorman* court held that there was sufficient evidence to support the judgment.

In the case before us, it is readily apparent that the court was sufficiently cognizant of relevant facts and circumstances to render an informed and intelligent judgment. Furthermore, there appears to be a "reasonable nexus" between the evidence adduced at trial and the court's judgment. *Bill* v. *Bill, supra.* The court's order seems adequate to meet the *actual* educational expenses of Bonney and Ellen. Accordingly, this court finds no abuse of discretion by the trial court, and will not disturb the court's judgment.

## II
## JUDGMENT ON APPELLANT'S PETITION FOR CONTEMPT CITATION IS NOT CONTRARY TO LAW OR EVIDENCE

Wife asserts trial court error in denying her Petition for Contempt Citation. The petition, in pertinent part, stated:

"2. That plaintiff-respondent, Robert DeLong, has failed to comply with the order of this Court as follows:
\* \* \*

(b) He has failed wholly to pay the $200.00 support allowance installments installments due 9/1/71 and 2/1/72 for an arrearage of $400.00.

(c) He has failed wholly to pay the $100.00 allowance for books and supplies for 9/1/70 or 2/1/71 for an added arrearage of $200.00.

(d) He has failed on 9/1/71 and again on 2/1/72 to pay the full amount requested for said schooling and as ordered by this Court, paying only the sums of $750.00 each time, thus causing an additional arrearage of approximately $1,600.00."

However, the parties, prior to trial, stipulated the total amount under paragraphs (b) and (c) above to be $550.00 subject to a possible credit of $200.00 upon Husband's producing a cancelled check. According to the appellant's brief, no such check has been submitted. Further, the alleged $1600.00 deficit was stipulated to have resulted from the student loans obtained by Ellen and Bonney.

The trial court held Husband to be not in contempt of court, but that Husband was $635.00 in arrears under paragraph (d). The court ordered this arrearage payable at such time as the student loans become due and payable. The court further held that Husband has no other obligation on said student loans.

It has been noted that a trial court, in determining the best interests of a child, "cannot be strictly bound by the agreements, stipulations or admissions of the parties." *Buchanan* v. *Buchanan* (1971), 256 Ind. 119, 267 N.E.2d 155, 159. Similarly, in the instant case, the trial court is not bound to render a judgment utilizing a stipulated amount, but rather should order an amount, if at all, which reasonably conforms to the evidence presented at trial.

To say the least, the evidence relating to arrearage as gleaned from the transcript and appeal briefs, is in conflict. Therefore, this court will make every reasonable presumption in favor of the trial court's judgment. *Winkler* v. *Winkler* (1969), 252 Ind. 136, 246 N.E.2d 375, *Dragoo* v. *Dragoo,*

*supra.* Having done so, we cannot say that Husband should have been found in contempt.

## III
## TRIAL COURT'S JUDGMENT IS NOT VAGUE, UNCERTAIN AND INCAPABLE OF PERFORMANCE

Wife contends that the court's judgment is so uncertain as to make it incapable of performance. More specifically she queries:

(a) Whether a pro-rata payment will be necessary if a daughter reaches age twenty-one (21) in the middle of a semester;

(b) What portion of the court's order must Husband pay if partial scholarship funds are received; and

(c) What is the import of the court order limiting Husband's obligation to two semesters yearly, since Earlham College is on a trimester schedule.

The pertinent provisions of the Court's judgment provide:

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that Plaintiff pay to Ellen DeLong a sum equal to her tuition each semester at I.U.P.U.I., but in no event shall Plaintiff be obligated hereunder to pay any amount exceeding $365.00 per semester for tuition, together with a sum not to exceed the amount of $65.00 per semester for the school books and related supplies of Ellen DeLong together with a sum of $245.00 per semester as a food allowance for Ellen DeLong;

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff pay to Bonney DeLong the sum of $365.00 per semester towards her tuition at Earlham College in Richmond, Indiana, together with a sum not exceeding $65.00 per semester for school books and related supplies together with the sum of $245.00 per semester for food allowance for Bonney DeLong;

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that in the event any of the costs for tuition, costs for school books and related supplies, and/or board or food costs are covered, discharged, paid, or are non-existent because of the obtaining of any scholarship or scholarships for or by either Ellen DeLong or Bonney DeLong, then Plaintiff is not required to

pay for any expense or item otherwise ordered herein which is covered, discharged, paid, or is non-existent because of such scholarship or scholarships;

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that any and all orders for Plaintiff to pay sums toward the educational expenses, support and/or food allowance for any and all of said minor children referred to herein shall automatically terminate and said orders shall automatically become null and void and shall not be further effective as to each or any child reaching the age of Twenty-one (21) years and that as to any child of the parties reaching the age of Twenty-one (21) years, all obligations of Plaintiff hereunder shall automatically cease and automatically terminate as to that child reaching the age of Twenty-one (21) years when said child reaches the age of Twenty-one (21) years;

IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that Plaintiff should not be obligated to contribute the amounts for educational expenses or food allowance referred to herein for more than two semesters yearly for either Bonney DeLong or Ellen DeLong;"

Given a reasonable reading, the first three provisions require Husband to provide Bonney's and Ellen's tuition, books and supplies, and food allowances up to the limits therein stated—*to the extent* such expenses are not provided for by scholarships.

The fourth paragraph of the order as above quoted makes no mention of pro-rata payments or returns. It merely states that Husband's obligation for support and educational expenses shall terminate upon each daughter attaining age twenty-one (21). Therefore, if any daughter were to reach age twenty-one (21) during an academic semester, Husband would have previously paid or become obligated for the necessary expenses and would not be entitled to a pro-rata return. However, at such birthdate, Husband's obligation terminates, and he is not required to pay expenses for the following semester.

Finally, the last provision is framed in terms of an annual academic period which usually connotes the period between

September and May. In other words, the trial court excluded from Husband's obligation any expenses for summer sessions.

We therefore find no fatal vagueness or ambiguity in the court's judgment.

## IV
## COURT'S AWARD OF ATTORNEY'S FEES, THOUGH MEAGRE, NOT AN ABUSE OF DISCRETION

Appellant-Wife contends that the court award of $100.00 as reasonable attorney's fees was contrary to the evidence and an abuse of discretion.

In her petition to modify, Wife stated that she did not have sufficient means with which to pay her attorney. Prior to trial, the parties stipulated a waiver of "expert testimony on attorneys' fees if the court decides that some will be forthcoming." No evidence was adduced as to the value of legal services rendered the wife, nor any testimony concerning the nature and extent of such services except that of the wife. She testified only that she recorded twelve hours of consultation time with her attorney, and that this figure did not include time spent in preparing and filing pleadings or any litigation time.

The Indiana legislature has provided the following assistance:

"Attorneys' fees in certain matters incident to divorce proceedings—Fees fixed by court—Enforcement.—Where the husband, by the terms of any decree of divorce, is ordered to support the wife or any minor child or children, or where by the terms of any decree of divorce the care and custody of any minor child or children is given the wife, and where such divorced husband shall, by reason of his refusal or failure to comply with any such order for the support of such wife, child or children, be adjudged in contempt of court in any proceeding filed or instituted by such wife to enforce the terms of any such support order, or *where any such divorced husband shall file or institute any proceeding to modify or cancel any such order for such support,* or where any such divorced husband shall file or institute any proceeding to modify or cancel the order or

the terms of the decree giving the care and custody of any such child or children to the wife, *the court may, in its discretion, make such order or orders, requiring such husband to pay the attorney appearing for the wife in any such proceeding a reasonable fee to be fixed by the court, as the court may deem fair and equitable under the circumstances and evidence,* which order or orders for any such attorney fee may be enforced in the manner now provided by law for the enforcement of orders made by the court in divorce proceedings." (Emphasis supplied) IC 1971, 31-1-20-1 (Burns Code Ed.).

It is thus apparent that the trial courts have broad discretion in *granting* attorney's fees. Thereafter, the court must, in *determining* the *amount* of fees, award an amount "fair and equitable under the circumstances and evidence."

In reviewing the discretionary power of the trial court to grant attorney's fees, this court, in *Farley* v. *Farley* (1973) 157 Ind. App. 385, 300 N.E.2d 375, 380, stated:

"In Indiana the husband does not bear an absolute duty to pay the legal fees generated by his wife in a divorce action and as earlier noted the court has discretion whether to assess fees against the husband. *State ex rel. DeArmond* v. *Superior Court* (1940), 216 Ind. 641, 25 N.E.2d 642; *Becker* v. *Becker* (1966), 141 Ind. App. 562, 216 N.E.2d 849. It was therefore conceivable that the trial court, in its discretion, could decide that the wife should not be awarded attorney fees and litigation expenses."

Similarly, a determination to award the wife attorney fees does not require that the husband bear the full cost of the reasonable value of the services. The circumstances may dictate that the husband be responsible for only a portion of the legal services. In determining the amount of attorney's fees, the trial court should consider the economic condition of the parties, *Lipner* v. *Lipner, supra,* the ability of the parties to engage in gainful employment and to earn adequate income to comply with the court's order, *Brown* v. *Brown* (1973), 157 Ind. App. 672, 301 N.E.2d 400, and such other factors as bear on the reasonableness of such award. *See O'Connor* v. *O'Connor* (1969), 253 Ind. 295, 253

N.E.2d 250; *State ex rel. DeArmond* v. *Superior Court of Madison County* (1940), 216 Ind. 641, 25 N.E.2d 642.

It is important to note in such circumstances that the trial court's award as to attorney fees is not a determination as to the total value of the services rendered. It is rather a determination as to the amount of wife's reasonable attorney fees which should be paid by husband.

The award of a trial court as to attorney fees may be disturbed on appeal only where a clear abuse of discretion is demonstrated. *Northrup* v. *Northrup* (1972), 154 Ind. App. 469, 290 N.E.2d 501. Here, although wife's attorney spent some twelve hours in consultation, prepared the pleadings and participated in the court hearing and although such services were undoubtedly of a reasonable value in excess of the $100.00 awarded, we are unable to state as a matter of law that the husband should have borne a greater share of the cost of the services. In *Crowe* v. *Crowe* (1946), 116 Ind. App. 534, 65 N.E.2d 645 a "very meagre allowance" of $50.00 was awarded and held not to constitute an abuse of discretion. Similarly we are unable, in light of the myriad factors which may be properly considered by the trial court, to say that the $100.00 amount here ordered to be paid by the husband to wife's attorney was an abuse of discretion.

## V

### TRIAL COURT HAS AUTHORITY TO ORDER PAYMENT OF ATTORNEY FEES AND OTHER COSTS OF EFFECTUATING APPEAL

Following the court's judgment on the modification and contempt petitions, Wife filed in the trial court a Petition for Funds with which to Perfect Her Appeal requesting the court to assess appeal costs against Husband. The parties stipulated the total appeal expense to be $1500.00. At the court hearing, evidence was presented regarding the relative financial situations of the parties. Thereafter, the court

found Wife to be a "pauper" and an "indigent person", and that Husband earned sufficient sums to pay appeal expenses, "if otherwise proper." However, the court found:

> "5. That the court is without authority or power to order payment of attorney fees or other costs of this appeal by plaintiff or to order or provide for court appointed counsel in this cause."[4]

Wife contends that the court's ruling was contrary to the evidence and law. Appellant's brief, however, states:

> "Inasmuch as the issue concerning the right to have pauper counsel is now of only academic interest, the work having been done by what may be denominated 'private pauper counsel', subject to the decision of this court, . . . ."

We therefore make no determination as to a wife's entitlement, if any, to court appointed counsel for appellate representation.

The issue of awarding attorney's fees and other expenses incurred in effectuating an appeal has received scant judicial attention. However, some well-reasoned support exists for the proposition that a trial court may, within its sound discretion, award such fees and expenses. *State ex rel. DeMoss* v. *Daviess Circuit Court* (1962), 243 Ind. 376, 185 N.E.2d 621; *State ex rel. Sims* v. *Hendricks Circuit Court* (1956), 235 Ind. 444, 134 N.E.2d 211; *Bahre* v. *Bahre* (1965), 140 Ind. App. 246, 211 N.E.2d 627.

As this court stated in *Bahre* v. *Bahre, supra:*

> "The final points which we are called upon to consider deal with the awarding of attorney's fees in connection with the preparation of the cause for re-trial and the preparation of the appeal. It has long been recognized by our Supreme Court that it is within the sound discretion of the trial court to allow a wife the expenses of the suit and attorney's fees pendente lite. *Our Supreme Court has indicated that such allowance covers expenses and attorney's fees for work at the trial level and the preparation of the appeal. In the absence of a clear abuse of discretion by the*

---

4. The trial court did, however, provide appellant-Wife with a transcript and record at no cost.

*trial court we will not disturb the award of the trial court."* (Emphasis supplied) 140 Ind. App. at 251.

We therefore hold that the Hamilton Superior Court did have the authority to award appeal fees and expenses if the court, in the exercise of its discretion, deemed such proper.

As heretofore set forth, the court below expressly found that it was without authority or discretion with respect to a possible award of attorney fees or other expenses of appeal. Wife's petition for such award was therefore not denied upon its merits but rather because the trial court reasoned that it had no authority to make such a decision. Since the trial court's discretion was never brought to bear upon the issue, we must reverse and remand for a consideration thereof.

By reason of the foregoing, we affirm the judgment of the court below with respect to modification of the Husband's duty of child support, with respect to denial of Wife's petition for contempt citation and with respect to the award of $100.00 to Wife's attorney. The subsequent order of the court denying Wife's petition for funds with which to prosecute an appeal is reversed and the cause is remanded for the sole purpose of permitting the trial court to consider said petition upon its merits.

Buchanan, J., concurs; White, J., concurs in part and dissents in part.

### CONCURRING AND DISSENTING OPINION

WHITE, J.—I concur in parts I, II and III of the court's opinion.

I also concur in much of what is said in part IV with respect to the discretionary nature of the court's authority under IC 1971, § 31-1-20-1 (Burns Code Ed.) to make an order requiring the "husband to pay the attorney appearing for the wife . . . a reasonable fee to be fixed by the court." In a proper case I might even agree that that statute (now apparently replaced by IC 1971, § 31-1-11.5-6 [Burns Code Ed., 1973 Supp.]) authorizes the court to apportion be-

tween the parties the responsibility for paying the reasonable fee it fixes pursuant thereto. I cannot, however, agree that the court did so here. The form of the order and the finding on which it is based leave much to be desired in terms of compliance with the statute's apparent requirement that the order to the husband be "to pay . . . a reasonable fee to be fixed by the court", but the $100.00 figure appears to be what the court fixed as a "reasonable fee". The evidence on that issue "is without conflict and can lead to but one conclusion [that a reasonable fee is several times $100.00] and the trial court has reached an opposite conclusion." *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, 78 N.E.2d 447. The order should "be set aside on the ground that it is contrary to law." *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N.E.2d 669.

I fully concur in what is said in part V but suggest that the trial court should be expressly directed to determine whether the husband should be ordered to pay for the transcript of the evidence and the record. The present order is silent as to where the financial burden lies for providing the defendant-wife with those papers "without cost to the defendant". As to the record this apparently means the county will lose the fees a non-pauper appellant would be required to pay. As to the transcript, either the reporter is donating her services or the county is paying her. Neither the county nor the court reporter is a party to this appeal so no one is before us complaining about that part of the order. Under the law as stated in the court's opinion it seems to me that the court has as much "power and authority" to order the husband to pay for the transcript and the record as for the wife's appellate level attorney's fees. Under the facts found by the court such an order should have been made.

NOTE.—Reported at 315 N.E.2d 412.